[Crim. No. 8943. Third Dist. Jan. 28, 1977.]

In re RALPH EDWARD PINE on Habeas Corpus.

## COUNSEL

James M. Mize, under appointment by the Court of Appeal, for Petitioner.

Evelle J. Younger, Attorney General, and Susan Rankin Bunting, Deputy Attorney General, for Respondent.

## OPINION

**REYNOSO, J.**—By this writ of habeas corpus we are asked to determine when a judgment becomes final after conviction for purposes of applying a statutory amendment which decreases punishment for the same crime. We hold that a judgment is not final so long as the courts may provide a remedy on direct review. That includes the time within which to petition to the United States Supreme Court for writ of certiorari.

Petitioner challenges the refusal of the Director of Corrections to apply the provisions of section 11352 of the Health and Safety Code, as amended, to mitigate his terms of imprisonment. The amendment deleted the requirement of a minimum mandatory term of imprisonment to be eligible for parole consideration.[1]

A brief history will place the material dates in perspective. Petitioner was convicted on April 18, 1974, pursuant to his pleas of guilty to three counts of selling and furnishing cocaine in violation of Health and Safety Code section 11352. Petitioner was sentenced to the terms prescribed by law, the sentences to run concurrently as to each count. After the conviction was affirmed by the Court of Appeal, First Appellate District, the California Supreme Court denied petitioner's application for hearing on December 4, 1975. By amendment enacted in 1975, those provisions of section 11352 of the Health and Safety Code which required a minimum mandatory term of imprisonment to be eligible for parole consideration were deleted. (Stats. 1975, ch. 1087, § 3.) The effective date of that amendment was January 1, 1976. (Const., art. IV, § 8.)

■■ The narrow issue to be determined in this petition is whether the judgment in the case at bench became final before the effective date of the statute.

The finality of a judgment has been defined as that point at which the courts can no longer provide a remedy on direct review. This includes the time within which to petition the United States Supreme Court for writ of certiorari. Thus, in *In re Dabney* (1969) 71 Cal.2d 1, 11 [76 Cal.Rptr. 636, 452 P.2d 924], the court reasoned "Petitioner's conviction only became final for retroactivity purposes . . . when the period during which he might have applied for certiorari ended." (Cf. *In re Spencer*

---

[1]The pertinent portion of section 11352 of the Health and Safety Code, as amended in 1975, states:

"(a) Except as otherwise provided in this division, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport (1) any controlled substance specified in subdivision (b) or (c) of Section 11054, specified in paragraph (11), (12), or (17) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, unless upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state, shall be punished by imprisonment in the state prison for a period of five years to life."

The pertinent deletion consisted of the following: "and shall not be eligible for release upon completion of sentence or on parole or any other basis until he has been imprisoned for a period of not less than three years in the state prison."

(1965) 63 Cal.2d 400, 405 [46 Cal.Rptr. 753, 406 P.2d 33]; *People* v. *Quicke* (1969) 71 Cal.2d 502, 509-510 [78 Cal.Rptr. 683, 455 P.2d 787]; see *People* v. *Rossi* (1976) 18 Cal.3d 295, 304 [134 Cal.Rptr. 64, 555 P.2d 1313]; *People* v. *Kemp* (1974) 10 Cal.3d 611, 614 [111 Cal.Rptr. 562, 517 P.2d 826].) A petition for writ of certiorari is deemed timely filed with the United States Supreme Court if filed with its clerk within 90 days after entry of judgment of a state court of last resort. (U.S. Sup. Ct. Rules, rule 22, subd. 1, 28 U.S.C. Appen.)

Since petitioner's judgment of conviction became final for retroactivity purposes[2] on March 2, 1976, when the period during which he might have applied for certiorari ended, the petitioner is entitled to relief. The Director of the Department of Corrections is ordered to modify petitioner's records to reflect his eligibility for parole under general law (Pen. Code, § 3049) without regard to the mandatory minimum term of incarceration imposed by former Health and Safety Code section 11352. Since petitioner is not entitled to be discharged, the order to show cause is discharged and the petition for writ of habeas corpus is denied.

Puglia, P. J., and Paras, J., concurred.

---

[2]The confusion as to what constitutes a "final judgment" within the meaning of the principles announced in *In re Estrada* (1965) 63 Cal.2d 740, 744-745 [45 Cal.Rptr. 172, 408 P.2d 948], results from the multiple use of that term. (Cal. Rules of Court, rules 24, 28; see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 511-515, 613, pp. 4461-4463, 4537-4538; Witkin, Cal. Criminal Procedure (1975 Supp.) Trial, § 361X, p. 471.) The rules and cases cited by respondent define "final judgment" in terms of retaining jurisdiction in this state and not for purposes of retroactivity. (See *George* v. *Bekins Van & Storage Co.* (1949) 33 Cal.2d 834, 850-851 [205 P.2d 1037]; *Olson* v. *Hickman* (1972) 25 Cal.App.3d 920, 922 [102 Cal.Rptr. 248]; cf. *Market Street R. Co.* v. *Comm'n.* (1944) 324 U.S. 548 [89 L.Ed. 1171, 1176, 65 S.Ct. 770], and are inapplicable to the case at bench.