[No. C066320. Third Dist. July 13, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL BEARD, Defendant and Appellant.

938

## COUNSEL

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, David A. Rhodes and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

RAYE, P. J.—Over the course of many years, defendant Michael Beard sexually abused three different minor children, including his daughter. The jury convicted defendant of continual sexual abuse of a minor (Pen. Code, § 288.5, subd. (a)),[1] lewd acts upon a minor (§ 288, subd. (c)), and misdemeanor annoying or molesting a minor (§ 647.6).

In two prior cases, defendant pleaded guilty to one count of sexual battery (Pen. Code, § 243.4, subd. (a)) and one count of felony selling or transporting a controlled substance (Health & Saf. Code, § 11352); he also admitted a prior narcotics conviction (Health & Saf. Code, § 11370.2, subd. (a)).

The court sentenced defendant in all three cases to a total term of 22 years in state prison.

Defendant contends on appeal that the trial court erred in sentencing him to a full, consecutive three-year enhancement for the admitted prior narcotics conviction. He argues that the enhancement should have been limited to a one-year consecutive term pursuant to section 1170.1, subdivision (a). We disagree and shall affirm the judgment.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## BACKGROUND[2]

*Case No. SF092540A*

In case No. SF092540A (hereinafter case 540A), after selling cocaine to an undercover informant, defendant was charged with one count of sale or transportation of a controlled substance, a felony. (Health & Saf. Code, § 11352.) The indictment further alleged that defendant had two prior convictions within the meaning of Health and Safety Code section 11370.2, subdivision (a) and Penal Code section 1203.07, subdivision (a)(11).

Defendant entered a plea of guilty to count one and admitted one prior conviction for purposes of Health and Safety Code section 11370.2, subdivision (a). The trial court struck the remaining allegations and imposed and then suspended a sentence of seven years in state prison. The suspended sentence was composed of the middle term of four years for count one and an additional three years for the prior narcotics conviction pursuant to section 11370.2, subdivision (a). Defendant was placed on five years' formal probation on condition that he serve one year in county jail.

*Case No. SF108650A*

In case No. SF108650A (hereinafter case 650A), defendant's daughter reported that over the course of several years her father had put his finger in or on her vagina and rubbed his penis against her vagina. Defendant was charged with six counts of lewd and lascivious acts upon a minor. (§ 288, subd. (a).)

Defendant entered a plea of guilty to one count of felony sexual battery (§ 243.4, subd. (a)) in exchange for dismissal of the above six counts. The court suspended imposition of sentence and placed defendant on five years' formal probation on condition that he serve 163 days in jail; defendant was given credit for 163 days served. The court reinstated defendant's probation in case 540A.

*Case No. SF111992A*

In case No. SF111992A (hereinafter case 992A), three different victims alleged acts of molestation by defendant. He was charged with lewd acts upon a minor (§ 288, subd. (c)) (count 1), misdemeanor annoying or molesting a child under 18 years of age (§ 647.6) (count 2), and continuous sexual

---

[2] We do not recite in detail the facts underlying defendant's convictions because defendant does not challenge his convictions and the facts related thereto have no bearing on the issues raised in this appeal.

abuse of a minor (§ 288.5, subd. (a)) (count 3). On August 26, 2010, a jury found defendant guilty of all three counts.

*Sentencing*

On October 4, 2010, the court imposed judgment in all three cases, resulting in an aggregate prison term of 22 years. The trial court selected count 3 from case 992A, continual sexual abuse of a minor under 14 years of age, as the principal term, sentencing defendant to the upper term of 16 years in state prison. Additionally, defendant was sentenced to the following consecutive, subordinate terms: in case 992A, count 1, eight months (one-third the middle term) for committing lewd and lascivious acts on a child; in case 650A, count 1, one year (one-third the middle term) for felony sexual battery; and in case 540A, count one, 16 months (one-third the middle term) for sale of a controlled substance, plus a full, consecutive three-year enhancement for the prior narcotics conviction. Finally, defendant was sentenced to a concurrent one-year term for misdemeanor annoying or molesting a minor.

Defendant timely filed this appeal.

## DISCUSSION

Defendant argues the imposition of the full, consecutive three-year enhancement was improper because Penal Code section 1170.1, subdivision (a) mandates that the three-year term ordinarily imposed under Health and Safety Code section 11370.2, subdivision (a) be imposed at one-third its value, or one year, when attached to a term imposed as a subordinate term. Defendant's interpretation of the statutes is incorrect.

Section 1170.1, subdivision (a) governs the calculation and imposition of a determinate sentence when, as here, the defendant has been convicted of more than one felony.[3] (*People v. Williams* (2004) 34 Cal.4th 397, 402 [19 Cal.Rptr.3d 619, 98 P.3d 876].)

---

[3] Section 1170.1, subdivision (a) provides: "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses."

■ Under Penal Code section 1170.1, when a person is convicted of two or more felonies and consecutive sentences are imposed, the total sentence consists of "the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1." (Pen. Code, § 1170.1, subd. (a).)

The principal term consists of the greatest term of imprisonment imposed plus any applicable specific enhancements. The "subordinate term" for each consecutive felony conviction consists of one-third of the middle term of imprisonment prescribed for the subordinate offense plus one-third of the term imposed for any applicable *specific enhancements*. (§ 1170.1, subd. (a).)

Here, the court selected count 3, continual sexual abuse of a child, in case 992A as the principal term. Therefore, the term imposed in case 540A for the prior narcotics conviction was a subordinate term.

Defendant contends that the prior conviction enhancement was attached to a subordinate term and therefore is subject to the "one-third" limit and should have been imposed as a one-year term. He argues that because section 1170.1 explicitly exempts particular offenses from the one-third subordinate term limitation, the courts are prevented from implying the exclusion of offenses not listed.

For example, defendant argues, section 1170.1 explicitly provides that " '[i]f a person is convicted of two or more violations of kidnapping . . . involving separate victims, the subordinate term for each consecutive offense of kidnapping shall consist of the full middle term and shall include the full term imposed for specific enhancements applicable to those subordinate offenses.' (§ 1170.1, subd. (b).)"[4] The argument ignores the language of the statute.

■ Section 1170.1, subdivision (a) applies the one-third limit to "specific enhancements applicable to those subordinate offenses." "As used in Section 1170.1, the term 'specific enhancement' means an enhancement that relates to the circumstances of the crime." (§ 1170.11.)[5]

---

[4] Defendant also references section 1170.1, subdivision (h): "For any violation of an offense specified in Section 667.6, the number of enhancements that may be imposed shall not be limited, regardless of whether the enhancements are pursuant to this section, Section 667.6, or some other provision of law. Each of the enhancements shall be a full and separately served term." Section 667.6 deals with prior sex offenses and provides, inter alia: "Any person who is convicted of an offense specified in subdivision (e) and who has been convicted previously of any of those offenses shall receive a five-year enhancement for each of those prior convictions." (§ 667.6, subd. (a).)

[5] Section 1170.11 states, in its entirety: "As used in Section 1170.1, the term 'specific enhancement' means an enhancement that relates to the circumstances of the crime. It includes,

■ "Sentence enhancements are generally of two types: those which go to the nature or status of the offender, and those which go to the nature or circumstances of the offense. [Citation.] An enhancement which is based on the defendant's conduct in committing the charged offense, such as the personal use of a weapon or the infliction of great bodily harm, is imposed on the count to which it applies. [Citation.]" (*People v. Edwards* (2011) 195 Cal.App.4th 1051, 1057 [125 Cal.Rptr.3d 321].) By contrast, the enhancements based on prior convictions are status enhancements because "they are related to the status of the offender, rather than the manner of commission of a crime . . . . [Citations]." (*Ibid.*)

Here, defendant's enhancement is provided for under Health and Safety Code section 11370.2, subdivision (a), which states, in relevant part: "Any person convicted of a violation of, or of a conspiracy to violate, Section 11351, 11351.5, or 11352 *shall* receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a *full*, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11351 . . . whether or not the prior conviction resulted in a term of imprisonment." (Italics added.)

■ Thus, the prior conviction enhancement contained in Health and Safety Code section 11370.2, subdivision (a) is not subject to Penal Code section 1170.1, subdivision (a)'s one-third limit. This enhancement does not "relate[] to the circumstances of the crime." (Pen. Code, § 1170.11.) Rather, it relates to the defendant's status as a repeat offender.

■ Defendant admitted a 1990 conviction for possession of a controlled substance with intent to sell, a violation of Health and Safety Code section 11351, and a prior conviction within the meaning of Health and Safety Code section 11370.2, subdivision (a). Therefore, the trial court was required to sentence defendant to "a full, separate, and consecutive three-year term for each prior felony conviction." (§ 11370.2, subd. (a).) The trial court did not err in imposing a full, consecutive term for the prior conviction.

---

but is not limited to, the enhancements provided in Sections 186.10, 186.11, 186.22, 186.26, 186.33, 192.5, 273.4, 289.5, 290.4, 290.45, 290.46, 347, and 368, subdivisions (a) and (b) of Section 422.75, paragraphs (2), (3), (4), and (5) of subdivision (a) of Section 451.1, paragraphs (2), (3), and (4) of subdivision (a) of Section 452.1, subdivision (g) of Section 550, Sections 593a, 600, 667.8, 667.85, 667.9, 667.10, 667.15, 667.16, 667.17, 674, 675, 12021.5, 12022, 12022.2, 12022.3, 12022.4, 12022.5, 12022.53, 12022.55, 12022.6, 12022.7, 12022.75, 12022.8, 12022.85, 12022.9, 12022.95, 27590, 30600, and 30615 of this code, and in Sections 1522.01 and 11353.1, subdivision (b) of Section 11353.4, Sections 11353.6, 11356.5, 11370.4, 11379.7, 11379.8, 11379.9, 11380.1, 11380.7, 25189.5, and 25189.7 of the Health and Safety Code, and in Sections 20001 and 23558 of the Vehicle Code, and in Sections 10980 and 14107 of the Welfare and Institutions Code."

## DISPOSITION

The judgment is affirmed.

Nicholson, J., and Mauro, J., concurred.