Filed 10/27/15  P. v. Chilton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>SHARAYE LAKEVIN CHILTON,<br><br>     Defendant and Appellant. | C076733<br><br>(Super. Ct. No. 13F00660,<br>13F01947) |

Following trial, the court found defendant Sharaye Lakevin Chilton guilty of willful discharge of a firearm at an inhabited dwelling, assault with a firearm with a personal gun use allegation (shooting at an inhabited dwelling), and willful discharge of a firearm in a grossly negligent manner that could result in injury (negligent discharge of a firearm) with an on-bail enhancement.  Defendant appeals his conviction for negligent discharge of a firearm and the on-bail enhancement.  He contends that because negligent discharge of a firearm is a lesser included offense of shooting at an inhabited dwelling, he

1

could not be convicted of both offenses. The People concede this point. We will reverse the conviction for negligent discharge of a firearm.

Defendant also contends that because he could not be convicted of negligent discharge of a firearm, the on-bail enhancement must also be stricken because it was only alleged as to that count. An on-bail enhancement, however, is a "status enhancement" that attaches to the sentence because of the status of the defendant, not to individual counts. Accordingly, we affirm the on-bail enhancement.

## I. BACKGROUND

While released on bail in a separate case for attempted residential burglary (case No. 13F00660), defendant got into an argument with his girlfriend, Mariah Dixon, in front of the home where Dixon was living with her friends. He left, threatening to return later and "shoot at the house." He made good on his threat, returned, and fired multiple shots into the home.

The prosecution filed an amended information charging defendant with willful discharge of a firearm at an inhabited dwelling (Pen. Code, § 246— count one),[1] assault with a firearm (§ 245, subd. (a)(2)— count two) with a personal gun use allegation (§ 12022.5, subd. (a))[2], and willful discharge of a firearm in a grossly negligent manner that could result in injury (§ 246.3— count three) with an on-bail enhancement (§ 12022.1). As to count three and the on-bail enhancement, the information specifically alleged, "For a further and separate cause of action, being a different offense from but connected in its commission as the charges as set forth in Counts One and Two hereof: On or about March 17, 2013, . . . the defendant . . . did willfully and unlawfully discharge

---

[1] Undesignated statutory references are to the Penal Code.

[2] We note the record indicates that defendant was charged and convicted under section 12022.5, subdivision (a)(1), which was amended in 2002 to section 12022.5, subdivision (a).

2

a firearm in a grossly negligent manner which could result in injury and/or death to a person. . . . [¶] . . . It is further alleged, as to Count Three, that the defendant . . . committed the above stated felony offense(s), while released from custody on a primary offense and prior to judgment on that primary offense becoming final, Case Number 13F00660, within the meaning of Penal Code Section 12022.1."

Following trial, the court found defendant guilty of all three counts and found the personal use enhancement true. The trial court noted count three was a lesser included offense to count one. In bifurcated proceedings, the trial court found the "allegation . . . that the defendant was out on bail at the time that he committed this offense to be true."

The trial court sentenced defendant to an aggregate term of 15 years eight months. Specifically, the court imposed a term of three years on the assault with a deadly weapon conviction, with a consecutive 10-year term for the personal use allegation. The court imposed a term of five years on the shooting at an inhabited dwelling conviction and two years on the negligent discharge of a firearm conviction, both stayed under section 654. The trial court imposed an additional two-year term for the on-bail enhancement. The trial court also imposed an additional eight-month term for the burglary conviction in case No. 13F00660.

## II. DISCUSSION

*A. Conviction for Lesser Included Offense*

Defendant contends his conviction on count three, for willful discharge of a firearm in a grossly negligent manner that could result in injury or death to a person (§ 246.3) must be reversed, as it is a lesser included offense of count one, willful and malicious discharge of a firearm at an inhabited dwelling (§ 246). The People properly concede the issue.

The California Supreme Court has concluded that section 246.3 is a necessarily included lesser offense of section 246. (*People v. Ramirez* (2009) 45 Cal.4th 980, 990.) When, as here, "a defendant is found guilty of both a greater and a necessarily lesser

included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed." (*People v. Sanders* (2012) 55 Cal.4th 731, 736.)

B. *On-Bail Enhancement*

Defendant contends that because the on-bail enhancement was alleged only as to count three, the conviction on count three must be reversed, and the on-bail enhancement must also be stricken. We disagree.

Under section 12022.1, "if a person charged with a felony (the primary offense) is released on bail or on his or her own recognizance and subsequently is arrested for committing another felony (the secondary offense) while released from custody on the primary offense, and if that person is convicted of both offenses, he or she 'shall be subject to a penalty enhancement of an additional two years in state prison which shall be served consecutive to any other term imposed by the court.' (§ 12022.1, subds. (a), (b), (d).)" (*People v. Walker* (2002) 29 Cal.4th 577, 582.)

" 'Enhancements typically focus on an element of the commission of the crime or the criminal history of the defendant which is not present for all such crimes and perpetrators and which justifies a higher penalty than that prescribed for the offenses themselves.' (*People v. Hernandez* (1988) 46 Cal.3d 194, 207-208.) '[T]here are at least two types of sentence enhancements: (1) those which to go the nature of the offender; and (2) those which go the nature of the offense.' (*People v. Coronado* (1995) 12 Cal.4th 145, 156.)" (*People v. Ahmed* (2011) 53 Cal.4th 156, 161.) " 'An enhancement which is based on the defendant's conduct in committing the charged offense, such as the personal use of a weapon or the infliction of great bodily harm, is imposed on the count to which it applies. [Citation.]' [Citation.] By contrast, the enhancements based on prior convictions are status enhancements because 'they are related to the status of the offender, rather than the manner of commission of a crime . . . . [Citations.]' [Citation.]"

(*People v. Beard* (2012) 207 Cal.App.4th 936, 942.)  An on-bail enhancement is a status enhancement— it does not focus on the nature of a charged offense, but is applied because the defendant was on bail at the time the secondary offense was committed. Status enhancements "*have nothing to do with particular counts but, since they are related to the offender, are added only once as a step in arriving at the aggregate sentence.*"  (*People v. Tassell* (1984) 36 Cal.3d 77, 90, italics added; *People v. Mackabee* (1989) 214 Cal.App.3d 1250, 1261-1262).  That is what was done in this case.

Here, the information contains an unnecessary allegation linking the on-bail enhancement to count three.  Notwithstanding this language, because on-bail enhancements do not attach to a particular count, but are based on the offender's status, we view the language that purports to restrict the on-bail enhancement to count three as surplus language without legal effect.  (*People v. Randazzo* (1957) 48 Cal.2d 484, 489-490 [unnecessary allegations in accusatory pleading may be disregarded]; see also, 4 Witkin, Cal. Crim. Law 4th (2012) Pretrial, § 220, p. 481.)

"No accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits."  (§ 960.) We cannot find the surplus language referencing count three in the on-bail enhancement allegation prejudiced defendant's substantial rights.  The purpose of the accusatory pleading is to provide the defendant with notice of the charges and what he has to defend against.  " 'Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.'  [Citation.]"  (*People v. West* (1970) 3 Cal.3d 595, 612.)  The information in this case satisfied that requirement. The prosecution alleged a single act of shooting that supported three different criminal charges, and also alleged that single act was committed while defendant was released on bail.  The fact that the language alleging the on-bail enhancement was linked to "count

5

three" does not render the complaint deficient. The accusatory pleading provided defendant with notice of what he was charged with and that he would need to defend himself against those charges. Thus, "even if the accusatory pleading was defective, defendant has not demonstrated he was misled to his prejudice and reversal is therefore inappropriate in this case." (*People v. Thomas* (1987) 43 Cal.3d 818, 832.)

### III. DISPOSITION

The conviction for willful discharge of a firearm in a grossly negligent manner that could result in injury (§ 246.3) in count three is reversed. In all other respects the judgment is affirmed. The trial court is directed to prepare and forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.

/S/

_____

RENNER, J.

We concur:

/S/

_____

BUTZ, Acting P. J.

/S/

_____

MAURO, J.

6