Filed 8/10/18; opinion on transfer from Supreme Court

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>DOUGLAS EDWARD MCKENZIE,<br><br>　　　Defendant and Appellant. | F073942<br><br>(Super. Ct. Nos. MCR047554, MCR047692, MCR047982)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County. Ernest J. LiCalsi, Judge.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Kathleen A. Kenealy, Acting Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, R. Todd Marshall, Raymond L. Brosterhous II, Eric L. Christoffersen and Catherine Chatman, Deputy Attorneys General, for Plaintiff and Respondent

-ooOoo-

Defendant Douglas Edward McKenzie was convicted by guilty plea of several drug-related charges in three cases. On appeal, he contended (1) he was entitled to three more days of custody credit, and (2) the trial court erred in staying prior felony drug conviction enhancements and prior prison term enhancements. We modified the

judgment on these two issues and affirmed as modified. Our opinion was granted review and remanded to this court with directions to vacate our decision and reconsider in light of the new Senate Bill No. 180 (Stats. 2017, ch. 677, § 1), which amended the sentencing enhancements included in Health and Safety Code section 11370.2.[1] We received supplemental briefing from the parties. In addition to our previous modifications, we now order stricken all of the section 11370.2, subdivision (c) enhancements, vacate the sentence, and remand for resentencing.

## BACKGROUND

On November 4, 2014, defendant pled guilty to charges in three cases and admitted the special allegations, as follows.

In case No. MCR047554 (case 1), defendant pled guilty to transportation or sale of methamphetamine (§ 11379, subd. (a)) and misdemeanor possession of narcotics paraphernalia (§ 11364.1). He admitted having suffered four prior felony drug convictions (§ 11370.2, subd. (c)) and having served three prior prison terms (Pen. Code, § 667.5, subd. (b)).

In case No. MCR047692 (case 2), defendant pled guilty to possession for sale of methamphetamine (§ 11378) and transportation or sale of methamphetamine (§ 11379, subd. (a)). He admitted committing these offenses while on bail or release (Pen. Code, § 12022.1).

In case No. MCR047982 (case 3), defendant pled guilty to possession for sale of methamphetamine (§ 11378). He admitted having suffered the same four prior felony drug convictions (§ 11370.2, subd. (c)) and having served the same three prior prison terms (Pen. Code, § 667.5, subd. (b)) as he had admitted in case 1.

The same day, the trial court suspended imposition of sentence, granted defendant five years' probation in all three cases, and ordered him to attend drug court.

---

[1]     All statutory references are to the Health and Safety Code unless otherwise noted.

On March 3, 2016, the Madera County Probation Department filed a first amended petition for revocation of probation in all three cases.

On April 1, 2016, defendant admitted the probation violations.

On June 1, 2016, the trial court revoked probation and declined to reinstate it. The court heard argument and considered the probation officer's report, then sentenced defendant to an aggregate term of five years, plus four three-year prior felony drug conviction enhancements (§ 11370.2, subd. (c)) and three one-year prior prison term enhancements (Pen. Code, § 667.5, subd. (b)). The court imposed these seven enhancements in case 1. In case 3, the court imposed the same seven enhancements, but either stayed or struck them. In sum, the court sentenced defendant to a split term of 22 years—10 years to be served in county jail and 12 years on mandatory supervision (Pen. Code, § 1170, subd. (h)(5)(B)).

On June 16, 2016, defendant filed a notice of appeal in all three cases. On September 13, 2017, we filed our opinion.

On October 11, 2017, the governor signed Senate Bill No. 180, which would become effective on January 1, 2018.

On October 20, 2017, defendant petitioned the California Supreme Court for review based on Senate Bill No. 180.

On December 20, 2017, the California Supreme Court granted review and remanded the case back to us with directions to vacate our decision and reconsider in light of Senate Bill No. 180.

On January 1, 2018, Senate Bill No. 180 became effective.

3.

**DISCUSSION**

I.      PRESENTENCE CUSTODY CREDITS

Defendant contends he is entitled to three more days of conduct credit in case 1, and thus his current sentence is unauthorized.[2]  The People counter that defendant was actually granted one extra day.  Defendant replies that the People's contention is based on the incorrect presumption that credits are not calculated cumulatively.  We agree with defendant.

For purposes of calculating presentence conduct credit, time is cumulative. (*People v. Culp* (2002) 100 Cal.App.4th 1278, 1284.)  Therefore, a defendant's noncontinuous periods of presentence custody must be aggregated to calculate the conduct credit earned.  (*Id.* at p. 1283.)  Penal Code section 4019 provides that a person confined prior to sentencing may earn two days of conduct credit for every two days served.  (*People v. Chilelli* (2014) 225 Cal.App.4th 581, 588.)  Here, because defendant was confined for an aggregate of 118 actual days for noncontinuous periods prior to sentencing, he earned 118 days of conduct credit, for a total of 236 days of credit.

II.     STATUS ENHANCEMENTS

The parties agree that the trial court imposed the same seven status enhancements—four prior felony drug conviction enhancements and three prior prison term enhancements—in both case 1 and case 3.  In the latter case, the trial court orally imposed the enhancements and then stayed them pursuant to section 654.[3]

     A.      <u>Section 11370.2, Subdivision (c) Enhancements</u>

By way of petition for review, defendant contended that he should receive the benefit of Senate Bill No. 180, which recently amended section 11370.2.  The Supreme

---

[2]     Defendant attempted to resolve this issue in the trial court by sending a letter to the court.

[3]     The sentencing minute orders state that the enhancements were stricken pursuant to section 1385, not stayed.

Court granted review and remanded the case to us with directions to vacate and reconsider in light of this recent amendment. The parties have submitted supplemental briefs.

Senate Bill No. 180 became effective on January 1, 2018. The bill narrows and limits the scope of section 11370.2 enhancements only to prior convictions for sales of narcotics involving a minor in violation of section 11380.[4] In this case, defendant's prior felony drug convictions were for violations of sections 11379.6, subdivision (a) and 11378; none was for a violation of section 11380, involving a minor, as required by the new amendment.

Absent some indication to the contrary in the bill, courts presume the Legislature intended amendments that reduce the punishment for a crime to apply retroactively, at least in cases that are not yet final. (See *People v. Brown* (2012) 54 Cal.4th 314, 323-324; see *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).) Nothing in Senate Bill No. 180 indicates the Legislature intended prospective application only. (Stats. 2017, ch. 677, § 1.)

Generally, "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed" (*Estrada, supra,* 63 Cal.2d at p. 748) if the amended statute takes effect before the judgment of conviction becomes final. (*Id.* at p. 744 ["If the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect when

---

**4** Section 11370.2, subdivision (c) now provides: "Any person convicted of a violation of, or of a conspiracy to violate, Section 11378 or 11379 with respect to any substance containing a controlled substance specified in paragraph (1) or (2) of subdivision (d) of Section 11055 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and *consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11380*, whether or not the prior conviction resulted in a term of imprisonment." (Italics added.)

the prohibited act was committed, applies."].)  "This rule rests on an inference that when the Legislature has reduced the punishment for an offense, it has determined the 'former penalty was too severe' (*Estrada*, at p. 745) and therefore 'must have intended that the new statute imposing the new lighter penalty … should apply to every case to which it constitutionally could apply' (*ibid.*)."  (*People v. DeHoyos* (2018) 4 Cal.5th 594, 600.)

Accordingly, Senate Bill No. 180 applies retroactively to cases in which the judgment was not yet final on January 1, 2018, as the parties agree.  The threshold question, then, is whether defendant's judgment was final on that date.  On this question, the parties disagree.

In a criminal case, the *sentence* is the judgment.  (*People v. Wilcox* (2013) 217 Cal.App.4th 618, 625 ["'A "sentence" is the judgment in a criminal action [citations]; it is the declaration to the defendant of his disposition or punishment once his criminal guilt has been ascertained."'"].)  When probation is granted, however, the timing of the judgment can vary because a trial court may grant probation by either suspending *imposition* of the sentence, or by imposing the sentence and suspending its *execution*.  (*People v. Segura* (2008) 44 Cal.4th 921, 932.)  These two situations affect when the judgment becomes final, which in turn affects whether a defendant is eligible to seek the retroactive benefit of a change in law.

In the first situation, when the trial court initially suspends *imposition* of sentence and grants probation, "no judgment is then pending against the probationer, who is subject only to the terms and conditions of the probation."  (*People v. Howard* (1997) 16 Cal.4th 1081, 1087 (*Howard*).)  No judgment has been rendered against him, or ever will be if he successfully completes probation.  But if he fails to successfully complete probation and instead violates probation, the trial court may revoke and terminate probation, and then impose sentence in its discretion, thereby rendering judgment.  (Pen. Code, § 1203.2, subd. (c); *Howard, supra,* at p. 1087.)  That judgment will become final

6.

if the defendant does not appeal within 60 days. (See California Rules of Court, rule 8.308(a).)[5]

In the second situation, when the trial court initially imposes sentence, but suspends *execution* of that sentence and grants probation, a judgment has been rendered. (*People v. Mora* (2013) 214 Cal.App.4th 1477, 1482 [imposition of a sentence is equated with entry of a final judgment, even if its execution is suspended and the defendant is placed on probation].) That judgment will become final if the defendant does not appeal within 60 days. (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1420-1421; see rule 8.308(a).) If the defendant violates probation, the trial court may revoke and terminate probation, but it must then order execution of the originally imposed sentence; the trial court has no jurisdiction to do anything other than order the exact sentence into execution. (Pen. Code, § 1203.2, subd. (c); *Howard, supra,* 16 Cal.4th at pp. 1087-1088; *People v. Martinez* (2015) 240 Cal.App.4th 1006, 1017.)

In this case, the People argue that even though the trial court suspended *imposition* of sentence, defendant's judgment is nevertheless final because Penal Code section 1237 deems an order granting probation a final judgment.[6] Thus, the People assert, defendant's judgment became final 60 days after the trial court granted probation in 2014, and *Estrada* does not apply to him to allow retroactive application of Senate Bill No. 180. We disagree.

---

[5]     All references to rules are to the California Rules of Court unless noted otherwise.

[6]     Penal Code section 1237 provides: "An appeal may be taken by the defendant from both of the following: [¶] (a) Except as provided in [Penal Code] Sections 1237.1, 1237.2, and 1237.5, from a final judgment of conviction. A sentence, *an order granting probation*, or the commitment of a defendant for insanity, the indeterminate commitment of a defendant as a mentally disordered sex offender, or the commitment of a defendant for controlled substance addiction shall be deemed to be a final judgment within the meaning of this section. Upon appeal from a final judgment the court may review any order denying a motion for a new trial. [¶] (b) From any order made after judgment, affecting the substantial rights of the party." (Italics added.)

"It is true that, under [Penal Code] section 1237, an order granting probation is deemed a 'final judgment' for the purpose of taking an appeal. [Citation.] [The Supreme Court has] explained, however, that such an order 'does not have the effect of a judgment for other purposes.'" (*People v. Chavez* (2018) 4 Cal.5th 771, 786; *Howard, supra,* 16 Cal.4th at p. 1087 ["The probation order is considered to be a final judgment only for the 'limited purpose of taking an appeal therefrom.'"]; *People v. Superior Court (Giron)* (1974) 11 Cal.3d 793, 796 [same].) Indeed, it has been held that an order granting probation does not have the effect of a final judgment in the context of *Estrada*'s retroactivity. (*In re May* (1976) 62 Cal.App.3d 165, 169 (*May*) [order suspending proceedings and granting probation did not have the effect of a final judgment for purposes of this case; "the rationale of *Estrada* applies to this case because the amendatory statute became effective after the commission of the act but before the judgment of conviction was final"].)

To support their argument that defendant's judgment is final under Penal Code section 1237, the People rely on *People v. Superior Court (Rodas)* (2017) 10 Cal.App.5th 1316 (*Rodas*). In 2007, Rodas pled no contest to transporting heroin under former section 11352. (*Rodas*, *supra,* at p. 1318.) The trial court suspended imposition of sentence and granted three years' probation. Rodas violated probation multiple times, the last time in 2009, and then absconded. She appeared in court in 2015, and filed a "motion to vacate her felony transportation conviction and replace it with a misdemeanor sentence for simple possession" based on an amendment to section 11352 effective on January 1, 2014. (*Rodas, supra,* at pp. 1319, 1321.) She later moved to withdraw her nearly nine-year-old plea. The trial court granted the motion to withdraw the plea and reinstated all the original charges. (*Id.* at p. 1320.)

The People petitioned for a writ of mandate directing the trial court to vacate its order allowing Rodas to withdraw her plea. (*Rodas, supra,* 10 Cal.App.5th at pp. 1319-1320.) In granting writ relief, the appellate court considered the People's argument that

8.

Rodas's judgment was final because of the "interplay" between Penal Code section 1018, which addresses when a guilty plea may be withdrawn (e.g., within six months of an order granting probation),[7] and Penal Code 1237, which addresses orders (in addition to a final judgment) from which a defendant may appeal (e.g., an order granting probation). (*Rodas*, *supra,* at p. 1321.)

The *Rodas* court acknowledged it had recently decided *People v. Eagle* (2016) 246 Cal.App.4th 275 (*Eagle*), where it concluded a change in law applied retroactively under *Estrada*. There, in September 2013, Eagle pled no contest to transporting methamphetamine (§ 11379, subd. (a)). The trial court suspended imposition of sentence and granted Eagle three years' probation. In March 2015, Eagle moved to vacate his felony conviction for transporting methamphetamine (§ 11379, subd. (a)) and have it replaced with a misdemeanor conviction for possessing methamphetamine (§ 11377, subd. (a)), based on an amendment to section 11379 that had become effective on January 1, 2014. The trial court denied the motion. (*Eagle, supra,* at p. 278.) On appeal, the People conceded Eagle's "sentence was not final at the time the amendments to section 11379 took effect, as the trial court had suspended imposition of sentence and placed defendant on probation. The People also concede[d] that because the judgment was not final, [Eagle] was entitled to benefit retroactively from the changes to section 11379." (*Id* at p. 279.) The appellate court agreed, reversing the conviction and remanding. (*Id.* at pp. 279-280.)

---

**7**     Penal Code section 1018 provides in relevant part: "On application of the defendant at any time before judgment *or within six months after an order granting probation is made if entry of judgment is suspended*, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (Italics added.) The six-month limit was added to this provision in 1991. (Stats. 1991, ch. 421, § 1; see *People v. Miranda* (2004) 123 Cal.App.4th 1124, 1131-1133.)

The *Rodas* court pointed out that, in *Eagle*, it did not consider Penal Code section 1018 or its "effect … on a trial court's jurisdiction to grant an untimely motion to withdraw a guilty plea," and thus *Eagle* was "of no help in determining the effect of the statute on Rodas's ability to belatedly withdraw her guilty plea." (*Rodas, supra,* 10 Cal.App.5th at pp. 1322-1323.) *Rodas* concluded the trial court exceeded its jurisdiction when it granted Rodas's motion to withdraw her plea after expiration of Penal Code section 1018's six-month period following the order granting probation. (*Rodas, supra,* at p. 1324.) *Rodas* explained: "Because Rodas did not appeal the court's order granting probation, the judgment of conviction for transporting heroin became final for retroactivity purposes in 2007. She is not entitled, then, to the benefit of the amendment to section 11352, which became effective nearly seven years later in 2014. In other words, *in this context, although imposition of Rodas's sentence was suspended, the process to appeal the conviction based on her no contest plea has ended, rendering final the conviction for retroactivity purposes*." (*Id.* at p. 1326, italics added.)[8]

---

[8] Although the *Rodas* court did not explicitly disapprove its own prior opinion in *Eagle, supra,* 246 Cal.App.4th 275, it did point out that the People conceded in *Eagle* that *Estrada* applied, whereas the People did not concede in *Rodas*. (*Rodas, supra*, 10 Cal.App.5th at p. 1322.) And, as noted, *Rodas* especially distinguished *Eagle* on the basis of Penal Code section 1018, concluding *Eagle* was not authority for unconsidered propositions and was not helpful in determining the effect of the statute on Rodas's ability to belatedly withdraw her guilty plea. *Rodas* concluded: "Now that the issue is squarely before us, we conclude the People have the better argument." (*Rodas, supra,* at p. 1323.)

We note that *Rodas* distinguished *May*, as it did *Eagle*, because it did not consider Penal Code section 1018, but *Rodas* also questioned the continued viability of *May*'s conclusion regarding the applicability of *Estrada*:

"We also conclude that *In re May*[, *supra*,] 62 Cal.App.3d 165, 167-169 …, which Rodas argues should control the instant matter, does not dictate a different result. There, the court granted a petition for writ of habeas corpus to set aside the trial court's order modifying probation to include a jail term after the Legislature had amended the statute to which the defendant pleaded guilty to make the offense a misdemeanor punishable by a fine. *May* was decided decades before the Legislature amended Penal Code section 1018

10.

Unlike *Rodas*, defendant did not seek to withdraw his plea, and there is no interplay between Penal Code sections 1018 and 1237 to consider. This is an appeal from a judgment of conviction, not from an order granting a motion to withdraw a plea. Had the trial court initially imposed sentence in 2014 and suspended its execution, we would agree that defendant's judgment would have become final 60 days later and he could not now obtain the retroactive benefit of a change in law under *Estrada*. But this did not occur. Instead, the trial court suspended imposition of sentence when it granted probation. Defendant timely appealed the trial court's 2016 sentence, which included

to include the strict six-month time limit for withdrawing a guilty plea when the court grants probation. (Stats. 1991, ch. 421, § 1, p. 2172.) Because *May* did not consider Penal Code section 1018 and the statute's effect on a court's jurisdiction to grant a belated motion to withdraw a no contest plea, the opinion is not helpful.

"Even if *May* was not distinguishable on that ground, we question the continued viability of the court's conclusion that the defendant's conviction was not final for retroactivity purposes under *Estrada*. (*May, supra,* 62 Cal.App.3d at p. 169.) 'State convictions are final "for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."'" (*Rodas, supra*, 10 Cal.App.5th at pp. 1324-1325, fn. omitted.)

In a footnote attached to the first sentence of the second paragraph above, *Rodas* noted: "*People v. Amons* (2005) 125 Cal.App.4th 855, 869, footnote 8, in dicta, also appears to recognize that a defendant who is granted probation with imposition of sentence suspended is entitled to the retroactive benefit of a change in the law even though the judgment of conviction is final for purposes of appeal. For the same reasons, we disagree." (*Rodas, supra*, 10 Cal.App.5th at pp. 1324-1325, fn. 1; see *People v. Amons, supra,* at p. 869, fn. 8 ["If imposition of sentence has instead been suspended and probation has been granted, while the judgment is final for the limited purpose of taking an appeal therefrom, for other purposes '"the criminal proceedings have been 'suspended' prior to the imposition of judgment and pending further order of the court,"' so 'no judgment has been entered and no sentence has been imposed.'"].)

To the extent *Rodas* concluded a grant of probation with suspended imposition of sentence operates as a final judgment for the purposes of *Estrada*'s retroactivity, such that defendants who are granted probation with imposition of sentence suspended are never entitled to the retroactive benefit of a change in the law because their judgments are final 60 days after probation is granted, we respectfully disagree.

11.

section 11370.2 enhancements, and the time for petitioning for a writ of certiorari in the United States Supreme Court has not yet passed. (*People v. Vieira* (2005) 35 Cal.4th 264, 305-306.) [9] Accordingly, we conclude defendant's judgment is not final, *Estrada* applies, and defendant is entitled to the benefit of Senate Bill No. 180. (See *Eagle, supra,* 246 Cal.App.4th 279-280; *May, supra,* 62 Cal.App.3d at p. 169.) The section 11370.2 enhancement allegations must be stricken.

### B.     Penal Code Section 667.5, Subdivision (b) Enhancements

Status enhancements, such as those imposed pursuant to Penal Code section 667.5, subdivision (b), go to the nature or status of the defendant in general, such as his criminal history of prior convictions and prior prison terms. (*People v. Gokey* (1998) 62 Cal.App.4th 932, 936 ["Sentence enhancements for prior prison terms are based on the defendant's status as a recidivist, and not on the underlying criminal conduct, or the act or omission, giving rise to the current conviction."])[10] Status enhancements are not

---

[9]     "'[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed. (*In re Pedro T.* (1994) 8 Cal.4th 1041, 1046, citing *In re Pine* (1977) 66 Cal.App.3d 593, 594; see also *Bell v. Maryland* (1964) 378 U.S. 226, 230 ["The rule applies to any such [criminal] proceeding which, at the time of the supervening legislation, has not yet reached final disposition in the highest court authorized to review it"].)'" (*People v. Vieira, supra,* 35 Cal.4th at p. 306, quoting *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5.)

A petition for writ of certiorari is deemed timely filed with the United States Supreme Court if filed with its clerk within 90 days after entry of judgment of a state court of last resort. (U.S. Sup. Ct. Rule 13(1) ["Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."]; see *In re Pine, supra,* 66 Cal.App.3d at p. 596.)

[10]     As noted above, section 11370.2, subdivision (c) sentencing enhancements are also status enhancements. (*People v. Edwards* (2011) 195 Cal.App.4th 1051, 1058 ["The enhancements provided for in section 11370.2 are status enhancements, in that they pertain to defendant's status as a drug conviction recidivist."].)

12.

specifically attached to certain offenses, but are instead added one time only to the total aggregate sentence for determinate terms, regardless of the number of counts. (*People v. Williams* (2004) 34 Cal.4th 397, 402 [status enhancements "'have nothing to do with particular counts but, since they are related to the offender, are added only once as a step in arriving at the aggregate sentence'"].)

Status enhancement are not subject to the one-third term limitation of Penal Code section 1170.1, subdivision (a), and must be imposed at full term. (Pen. Code, § 1170.1, subd. (a) ["the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for *applicable enhancements for prior convictions, prior prison terms*, and [Penal Code] Section 12022.1…. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any *specific enhancements* applicable to those subordinate offenses" (italics added)]; Pen. Code, § 1170.11 ["[a]s used in [Penal Code] Section 1170.1, the term 'specific enhancement' means an enhancement that relates to the circumstances of the crime"]; *People v. Beard* (2012) 207 Cal.App.4th 936, 941-942 [Pen. Code, § 1170.1's reference to *specific* enhancements is not a reference to *status* enhancements; Pen. Code "[s]ection 1170.1, subdivision (a) applies the one-third limit to 'specific enhancements applicable to those subordinate offenses'"].)

Here, the Penal Code section 667.5, subdivision (b) status enhancements should have been imposed only once on the aggregate term. The second set of enhancements should not have been imposed, and they must be stricken.

## DISPOSITION

The sentence is vacated and the matter remanded to the trial court for resentencing with the following considerations: (1) in case No. MCR047554, the number of conduct credits must be increased to 118, for a total of 236 days of credits; (2) all of the prior

13.

felony drug conviction enhancements (Health & Saf. Code, § 11370.2, subd. (c)) must be stricken; and (3) in case No. MCR047982, the three prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) must be stricken.  In all other respects, the judgment of conviction is affirmed.  The court is directed to forward certified copies of the amended sentencing orders and abstract of judgment to the appropriate entities.

_____
FRANSON, Acting P.J.

WE CONCUR:


_____
SMITH, J.


_____
MEEHAN, J.

14.