Filed 10/1/25  P. v. Ford CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B339372 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA057218) |
| v. | |
| GEORGE EDWARD FORD II, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge.  Dismissed.

George Edward Ford II, in pro. per.; Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

George Edward Ford II appeals from the trial court's order denying his motion for recall and resentencing under Penal Code

section 1172.1, subdivision (a)(1).[1]  We appointed counsel to represent Ford on appeal.  After reviewing the record, counsel for Ford filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues.  After independently reviewing the record and the contentions raised in Ford's supplemental brief, we have not identified any either.  We dismiss the appeal as taken from a nonappealable order.

## FACTUAL AND PROCEDURAL BACKGROUND

We described the factual background of this case in Ford's direct appeal.  (See *People v. Ford* (Oct. 10, 2006, B184839) [nonpub. opn.] (*Ford*).)  On May 18, 2003 theater employees Veasna Penh, Aronald Harper and Boroth Chim were closing the Pine Square Theater in Long Beach when Ford and his father[2] entered the theater armed with guns and demanded money.  Ford pressed a gun against Penh's back and forced him to open the theater's safe.  Ford took $8,000 from the safe and left.

On May 27, 2003 Jonathan Hill, manager of the Mann Theater in Tarzana, was in a back room of the theater when Ford, armed with a silver "revolver-style six shot," pushed his way into the room and demanded Hill open the theater's safe.  Hill retrieved $2,000 from the theater's several safes and gave the money to Ford as directed.

---

[1]     Further statutory references are to the Penal Code.  Ford sought relief under former section 1170, subdivision (d), which is now codified (as amended) in section 1172.1, subdivision (a)(1).

[2]     In a separate trial, George Edward Ford, Sr., was convicted of three counts of robbery in connection with the May 18, 2003 robbery. (See *People v. Ford* (Jan. 3, 2007, B187948) [nonpub. opn.].)

On June 2, 2003 manager Bryan Quibuyen and assistant manager Audra Martinez were closing the Marina Pacifica Theater in Long Beach when Ford and his father rushed into the manager's office holding guns. Ford held a gun to the back of Quibuyen's head and demanded money. He made Quibuyen and Martinez bind each other's hands and legs with duct tape and then fled with $30,000 in cash.

An amended information charged Ford with one count of kidnapping to commit robbery (§ 209, subd. (b)(1); count 1); and four counts of robbery (§ 211, counts 2, 6, 8, and 9). As to all counts, the information alleged Ford personally used a firearm within the meaning of section 12022.53, subdivision (b). The amended information also alleged Ford had suffered six prior serious or violent felonies under the three strikes law (§ 667, subds. (b)-(i); 1170.12), which were serious felonies within the meaning of section 667, subdivision (a)(1), and he had served six separate prison terms for prior felony convictions (§ 667.5, subd. (b).)

On June 24, 2005 a jury convicted Ford of four counts of robbery and found true the firearm-use enhancement.[3] In a bifurcated proceeding the trial court found all prior conviction allegations true. (*Ford, supra*, B184839) The trial court sentenced Ford to an aggregate state prison term of 95 years-to-life, consisting of three consecutive 25-years-to-life terms on counts 2, 6 and 9, a concurrent 25-years-to-life term on count 8; 10 years for the firearm-use enhancement on count 2, and two five-year enhancements pursuant to section 667,

---

[3] Before trial, the trial court dismissed the kidnapping charge in the interest of justice. (§ 1385.)

subdivision (a)(1). The trial court struck the remaining enhancement allegations.

On appeal, we modified the judgment to indicate that "Ford's third strike sentence, properly calculated, should be for an aggregate state prison term of 135 years to life: three consecutive 25 years to life terms on counts 2, 6 and 9; plus separate 10-year firearm-use enhancements for each of those counts; and two 5-year serious felony enhancements under section 667, subdivision (a)(1), on each count; with a concurrent term of 45 years to life imposed for count 8." (*Ford*, *supra*, B184839.) As modified, we affirmed.

2. *Motion for Recall and Resentencing*

On January 5, 2024 a case records manager in the legal processing unit of the California Department of Corrections and Rehabilitation (CDCR) wrote a letter to the trial court indicating that the amended abstract of judgment "may be in error" because the section 667, subdivision (a), enhancement as to count 8 was "imposed concurrently." The letter noted that under section 667, subdivision (a)(1), "'a person convicted of a serious felony shall receive in addition to the sentence imposed . . . a 5-year enhancement for <u>each</u> prior conviction . . . the term of each enhancement shall run <u>consecutively</u>.'" The letter further stated, "Please review your file to determine if a correction is required. When notified by the [CDCR] that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices, *People v. Hill* [(1986)] 185 Cal.App.3d 831."

On February 8, 2024, before the superior court acted on the CDCR letter, Ford filed a motion for recall and resentencing,

citing sections 1170.1[4] and 1172.75, subdivision (d)(2) & (3). In his motion, Ford argued that "because the Department of Corrections, rather than the Court of Appeal[], notified the trial court of the illegality in sentence, the [t]rial court has jurisdiction and is entitled to rethink the entire sentence to achieve its original presumably unchanged goal." (Boldface omitted.) After the motion was assigned to a department, on March 8, 2024 Ford filed an almost identical motion.

On April 29, 2024 the trial court denied Ford's motion. The court explained that Ford "bases his petition on a letter dated January 5, 2024, from the [CDCR] to the court inquiring whether the Abstract of Judgment and Minute Order required correction. No correction is required because the imposition of the Penal Code section 667A five (5) year priors were properly imposed consecutively on Counts 2, 6 and 9 pursuant to Penal Code sections 667 (c)(6) as each was for 'a separate crime on a different date.' Thus, no recall and resentencing is being [made] by this letter and the court is not accepting the Petitioner's invitation to do so. Penal Code section 1172.1 (c)."

Ford timely appealed.

## DISCUSSION

We appointed counsel to represent Ford in this appeal. After reviewing the record, counsel did not identify any arguable issues and indicated that "[t]his court should determine

---

[4] "Section 1170.1, subdivision (a) governs the calculation and imposition of a determinate sentence when . . . the defendant has been convicted of more than one felony." (*People v. Beard* (2012) 207 Cal.App.4th 936, 940.)

5

appealability." On or about June 9, 2025 counsel advised Ford that she was filing a brief stating she was unable to find any arguable issues and that Ford could personally submit a letter brief stating any contentions he wanted the court to consider. Counsel also sent Ford copies of the opening brief and record on appeal.

On August 11, 2025 we received a 13-page supplemental brief from Ford. In his supplemental brief, Ford argues he is entitled to have his sentence recalled and be resentenced "per recommendations" by the CDCR in its January 5, 2024 letter. Ford claims that under applicable case law, "[a] trial court that imposes a sentence unauthorized by law retains jurisdiction (or has inherent power) to correct the sentence at any time the error comes to its attention, even if excursion (*sic*) of the sentence has become final and correction requires imposition of a more sever[e] sentence, provided the error is apparent from the face of the record." Ford also notes there have been several changes in the law since 2018 (Senate Bill Nos. 81, 483, 620 and Assembly Bill Nos. 1540 and 2483) and these new laws show why his sentence is illegal.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) The superior court's ruling on Ford's motion for recall and resentencing under section 1172.1 is not appealable. As the court explained in *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696, a "defendant is not entitled to file a section 1172.1 petition [or] to receive a ruling if he nevertheless files one. It follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other

6

statement that the court is not acting) does not affect the defendant's substantial rights. We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (See § 1172.1, subd. (c) ["A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."].)

Nor did the trial court have jurisdiction to correct the judgment in response to the letter from the legal processing unit of the CDCR. As we recently explained in *People v. Singleton* (2025) 113 Cal.App.5th 783, 787, "When a superior court receives a letter from a case records manager in the California Department of Corrections and Rehabilitation (CDCR) informing the court that the abstract of judgment for a defendant 'may be in error,' does the court have jurisdiction to correct the sentence where the judgment is long since final? . . . . We conclude the courts in these circumstances lack fundamental jurisdiction to vacate or modify the sentence." (See *People v. Codinha* (2023) 92 Cal.App.5th 976, 985 ["imposition of a sentence unauthorized by law is a jurisdictional error that may be corrected whenever it comes to the court's attention, even if correction requires imposition of a longer sentence"].)

Accordingly, because the trial court lacked jurisdiction, the order denying Ford's petition is nonappealable, and we dismiss the appeal. (*People v. Singleton, supra*, 113 Cal.App.5th at pp. 797-798; see *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 ["[b]ecause the trial court lacked jurisdiction . . . the appeal must be dismissed"].)

7

Nor was Ford entitled to bring a petition for resentencing under section 1172.75, subdivision (a), which states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, . . . is legally invalid." Under that statute, the Secretary of the CDCR is required to identify any individual in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." (§ 1172.75. subd. (b).) But Ford's sentence did not include a one-year prior prison term enhancement under section 667.5, former subdivision (b), nor did the CDCR identify Ford as eligible for resentencing under that provision. (See *People v. Cota* (2023) 97 Cal.App.5th 318, 332 ["[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation identifying a defendant as a person serving a sentence that includes a prior prison term enhancement."].)

Neither Ford nor his appellate counsel has identified a cognizable legal issue. Our independent review has not identified one either. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232; see also *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The appeal is dismissed.

FEUER, J.

We concur:

MARTINEZ, P. J.        SEGAL, J.

8