Filed 12/23/20  P. v. Kennedy CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091631 |
| Plaintiff and Respondent, | (Super. Ct. No. 17CF03214) |
| v. | |
| CLINTON JOSEPH KENNEDY, | |
| Defendant and Appellant. | |

Defendant Clinton Joseph Kennedy was sentenced to prison for an aggregate term of five years, which included two consecutive one-year enhancements for having served prior prison terms.  (Pen. Code, § 667.5, subd. (b).)[1]  After his judgment was final, but within 120 days of its imposition, he moved for recall and resentencing pursuant to

---

[1]     Undesignated statutory references are to the Penal Code.

1

section 1170, subdivision (d)(1). His motion was based on the passage of Senate Bill No. 136 (Senate Bill 136), which amended section 667.5 that, when later effective, invalidated some prior prison term enhancements like his. The trial court calendared his motion to be heard beyond 120 days after his judgment. Thereafter, the court denied his motion because it lacked jurisdiction to recall his sentence. On appeal, defendant claims that the court's misunderstanding of its discretion to recall and resentence him deprived him of the benefits of amended section 667.5. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Upon a report of a prowler, defendant was found and arrested for prowling and found in possession of a baggie of methamphetamine. Surveillance video revealed defendant prowling at three residences. He was charged with one count of possessing methamphetamine after having been convicted of an offense requiring registration per section 290, subdivision (c) (Health & Saf. Code, § 11377, subd. (a)—count 1) and three counts of prowling (§ 647, subd. (h)—counts 2-4). It was also alleged that he had served two prior prison terms. (§ 667.5, subd. (b).)

On October 16, 2017, defendant pleaded no contest to count 1 and admitted both prior prison term enhancements. Pursuant to a plea agreement, defendant agreed to be sentenced to an aggregate term of two years consisting of the midterm of two years with two 1-year prior prison term enhancements to run concurrently. In exchange, the People moved to dismiss counts 2 through 4 with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, which the court granted. On January 24, 2018, the trial court suspended imposition of sentence, placing defendant on 36 months of formal probation with various terms and conditions.

On June 28, 2019, the Butte County Probation Department filed a petition alleging that appellant violated probation by: (1) violating Vehicle Code section 23152, subdivision (f); (2) providing a urine sample that presumptively tested positive for cocaine and marijuana; and (3) providing a urine sample that presumptively tested

2

positive for cocaine, marijuana, and methamphetamine. On August 14, 2019, the trial court found that defendant, by virtue of his plea in case No. 19CM04767, had violated probation. On September 11, 2019, the trial court terminated defendant's probation and sentenced him to an aggregate prison term of five years, as follows: three years on count 1, plus two 1-year consecutive terms for the prior prison term findings. Defendant did not file a notice of appeal.

On December 30, 2019, the trial court received defendant's motion for resentencing due to Senate Bill 136, in which he sought recall and resentencing pursuant to section 1170, subdivision (d)(1) because he was within 120 days of his judgment. On January 8, 2020, the court calendared the matter for a resentencing hearing on January 29, 2020. On January 29, 2020, the trial court stated its impression that it "no longer has jurisdiction to strike the [prior prison terms] because we're beyond the 120 days from sentencing." Defense counsel indicated he was unaware that defendant had filed the motion himself until defendant's mother contacted him and informed him of it. The matter was continued to February 11, 2020, to allow defense counsel to investigate whether the court could regain jurisdiction. On February 11, 2020, the court reiterated its previous impression. Defense counsel replied, "I believe that the relief needs to be sought through the Third District. It's a Benoit petition. I'm looking at that and I don't see why we need to keep it on calendar in this court while filing that with the Third District." Then the court took the matter off calendar.

On February 18, 2020, defendant renewed his motion for resentencing under Senate Bill 136, which was received on February 21, 2020. On February 26, 2020, the trial court denied the motion because more than 120 days had elapsed since sentencing.

On March 2, 2020, defendant filed a notice of appeal and requested but did not obtain a certificate of probable cause.

DISCUSSION

Defendant contends that the trial court's misunderstanding of its discretion to recall and resentence him deprived him of the benefits of Senate Bill 136's amendment of section 667.5 regarding striking his two prior prison term enhancements. The People respond that Senate Bill 136 was not retroactive to defendant because his judgment became final in November 2019, 60 days after the entry of judgment. Further, the People contend that defendant had no right to seek recall and resentencing pursuant to section 1170, subdivision (d)(1), and the denial of his motion is nonappealable. Defendant responds that "the trial court's misunderstanding of its jurisdiction foreclosed [defendant's] sentence from being recalled and modified." We conclude that the People have the better argument.

On October 8, 2019, the Governor signed Senate Bill 136 (2019-2020 Reg. Sess.), which amended section 667.5, effective January 1, 2020 (Stats. 2019, ch. 590, § 1). Senate Bill 136 narrowed eligibility for the one-year prior prison term enhancement to those who have served a prior prison sentence for a sexually violent offense, as defined. The amended provision states in pertinent part: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code, provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended." (§ 667.5, subd. (b).) The appellate courts

4

have generally agreed that Senate Bill 136 applies retroactively to judgments that are not yet final. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341.)

"In a criminal case, judgment is rendered when the trial court orally pronounces sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) "The finality of a judgment has been defined as that point at which the courts can no longer provide a remedy on direct review. This includes the time within which to petition the United States Supreme Court for writ of certiorari." (*In re Pine* (1977) 66 Cal.App.3d 593, 595.) Here, following the termination of his probation, defendant was sentenced to state prison on September 11, 2019. Accordingly, a judgment was rendered when he was sentenced that day. He apparently did not appeal from the judgment. It therefore became final 60 days after he was sentenced. (Cal. Rules of Court, rule 8.308(a).) Although Senate Bill 136 is retroactive to cases not yet final on appeal, defendant is not entitled to relief because his case became final on November 10, 2019, which was long before the January 1, 2020 effective date of Senate Bill 136. (Cf. *People v. Garcia* (2018) 28 Cal.App.5th 961, 972-973 [Sen. Bill 136 is retroactive and applies to cases not yet final as of its effective date].)

" 'Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced.' [Citation.] Section 1170, subdivision (d), is an exception to that common law rule. [Citation.] Section 1170, subdivision (d), states, in pertinent part, that when a defendant has been sentenced to the state prison and has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation, 'the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence . . . . The court

5

resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice.' (§ 1170, subd. (d)(1).)" (*People v. Federico* (2020) 50 Cal.App.5th 318, 326, rev. granted Aug. 26, 2020, S263082 (*Federico*).)[2]

Because defendant's judgment was final when Senate Bill 136 went into effect, he was not entitled to the retroactive benefit of Senate Bill 136 at any time. "[E]ven if a trial court has authority to recall a sentence under section 1170, subdivision (d), it does not follow that the sentence is not a final judgment under [*In re Estrada* (1965) 63 Cal.2d 740]." (*Federico, supra*, 50 Cal.App.5th at p. 326, rev. granted.) Section 1170, subdivision (d) provides that when a trial court exercises its discretion to recall and resentence a defendant, the defendant must be resentenced in the same manner as if he or she had not previously been sentenced. (§ 1170, subd. (d)(1).) "It allows the trial court to reconsider its original sentence and impose any new sentence that would be permissible under the Determinate Sentencing Act if the resentence were the original sentence so long as the new aggregate sentence does not exceed the original sentence." (*People v. Johnson* (2004) 32 Cal.4th 260, 265.) "Contrary to defendant's claim, section

---

[2]    The Supreme Court recently granted review in *Federico* and *People v. Padilla* (2020) 50 Cal.App.5th 244, review granted August 26, 2020, S263375, which raise the issues of whether a defendant's resentencing pursuant to section 1170, subdivision (d)(1) or after his sentence is vacated following habeas and resentencing proceedings "reopens" the finality of his sentence, such that he is entitled to the retroactive application of Proposition 57 and Senate Bill No. 1391 (regarding juvenile transfer hearings and direct filing in adult criminal court) on an otherwise long-final conviction. (*Federico, supra*, 50 Cal.App.5th at p. 321 [finding judgment remained final even though resentenced pursuant to § 1170, subd. (d)(1) and that the defendant was not entitled to ameliorative benefit based on subsequent change in law], rev. granted; *Padilla,* at pp. 246-248 [because the defendant's original sentence was vacated following habeas and resentencing proceedings, he was entitled to ameliorative benefit of intervening law].) Unlike in *Federico* and *Padilla*, defendant's sentence here was never recalled as unauthorized under section 1170, subdivision (d)(1) or vacated following a habeas proceeding.

6

1170, subdivision (d), says nothing about 'reopening' a judgment that has been final . . ., in order to apply recently enacted laws retroactively. . . . It simply allows the court to reconsider its sentencing choices in the original sentence and resentence the defendant. [Citation.]" (*Federico,* at p. 327.) Accordingly, the trial court lacked jurisdiction to grant defendant any relief under Senate Bill 136.

Further, because the hearing on defendant's motion was scheduled over 120 days after his judgment, the trial court lost jurisdiction to recall and resentence him. Any order by the trial court regarding defendant's motion did not affect defendant's substantial rights and is thus not appealable. "[T]he courts have uniformly held that an order *denying* a defendant's request to resentence pursuant to section 1170 subdivision (d) is not appealable as an order affecting the substantial rights of the party. This is because the defendant has no right to request such an order in the first instance; consequently, his 'substantial rights' cannot be affected by an order denying that which he had no right to request." (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 194.) Thus, defendant's appeal must be dismissed. (See *People v. Alexander* (2020) 45 Cal.App.5th 341, 344 [dismissing appeal challenging denial of Sen. Bill No. 1393 motion, reasoning, "An order denying a motion the court lacks jurisdiction to grant does not affect a defendant's substantial rights"]; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326-327 [dismissing appeal challenging denial of Sen. Bill No. 620 motion where trial court had lacked jurisdiction].)

## DISPOSITION

The appeal is dismissed.

                                                      /s/
                                         BLEASE, J.

We concur:

/s/
RAYE, P. J.

/s/
ROBIE, J.