Filed 12/16/13  P. v. Moreno CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FERNANDO MORENO,<br><br>    Defendant and Appellant. | H039087<br>(Monterey County<br>Super. Ct. No. SS111435) |

Defendant Fernando Moreno pleaded guilty to possession of a weapon by a prisoner.  (Pen. Code, § 4502, subd. (a).)[1]  Moreno admitted two prior strike convictions, and the trial court sentenced him to an indeterminate term of 25 years to life pursuant to the Three Strikes law.  The court also imposed what it referred to as "the minimum Restitution Fund fine of $240" pursuant to section 1202.4, subdivision (b)(1), and a $240 parole revocation fine pursuant to section 1202.45.

On appeal, Moreno contends the trial court erred by imposing restitution and parole fines in the amount of $240 because the minimum fine at the time he was sentenced was $200.  Moreno also maintains that he is entitled to automatic resentencing under Proposition 36, a voter initiative passed after he was sentenced that enacted the Three Strikes Reform Act of 2012 (The Reform Act).  The government concedes the former point but not the latter.  We affirm the judgment as modified herein.

---

[1] Further unspecified statutory references are to the Penal Code.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defense counsel stipulated that on January 30, 2011, "Mr. Moreno, while housed in a California penal institution, was in possession of a sharp instrument and without lawful purpose." On October 10, 2012, Moreno pleaded guilty to possession of a weapon by a prisoner and to having two or more prior serious and/or violent felony convictions. The trial court imposed a sentence of 25 years to life pursuant to section 1170.12, subdivision (c)(2), the Three Strikes law. The court also imposed a restitution fine of $240 and a parole revocation fine in the same amount. At the sentencing hearing, the court indicated that it was imposing "the minimum Restitution Fund fine of $240."

## II. DISCUSSION

### A. Restitution and Parole Revocation Fines

Moreno argues, and the government concedes, that the restitution and parole revocation fines the court imposed must be reduced to avoid running afoul of the prohibition against ex post facto laws.

Section 1202.4, subdivision (b), provides that, "[i]n every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." At the time of Moreno's offense on January 30, 2011, the minimum restitution fine was $200. (Former § 1202.4; Stats. 2009, ch. 45, § 1.) The minimum restitution fine increased to $240 on January 1, 2012. (§ 1202.4, subd. (b)(1).) Applying a later version of section 1202.4 constitutes an error and an ex post facto violation. (See *People v. Saelee* (1995) 35 Cal.App.4th 27, 30 ["A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws."].)

At sentencing, the court stated that it was imposing "the minimum Restitution Fund fine," but it imposed a fine of $240, $40 over the applicable minimum. Like the parties, we conclude from our review of the record that the trial court intended to impose

2

the minimum restitution fine, and we modify the judgment to reduce the restitution fine from $240 to $200.

The court also imposed a parole revocation fine as required by section 1202.45. That section provides that where the "sentence includes a period of parole, the court shall . . . assess an additional parole revocation restitution fine in the same amount as [the restitution fine] imposed pursuant to subdivision (b) of Section 1202.4." (§ 1202.45.) Because the restitution fine must be reduced to $200, the parole revocation fine likewise must be reduced to $200 so that the fines are " 'in the same amount' " as required by section 1202.45. (*People v. Smith* (2001) 24 Cal.4th 849, 851.)

### B. Resentencing Under The Three Strikes Reform Act

#### 1. The Three Strikes Reform Act

In the November 6, 2012 election, California voters approved Proposition 36, the Three Strikes Reform Act of 2012. Prior to the passage of Proposition 36, the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) required that a defendant convicted of two prior serious or violent felonies be subject to a sentence of 25 years to life upon conviction of a third felony. As amended by the Reform Act, section 1170.12, subdivision (c)(2)(C), and section 667, subdivision (e)(2)(C), now mandate that a defendant with two or more strikes who is convicted of a felony that is not serious or violent be sentenced as a second strike offender (unless certain exceptions apply).

The Reform Act also added section 1170.126, which allows eligible prisoners who are currently subject to 25-years-to-life sentences under the Three Strikes law to petition the court for resentencing. An eligible prisoner shall be resentenced as a second strike offender unless the court determines that resentencing him or her "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Moreno contends that the Reform Act's amendments to sections 667 and 1170.12 are applicable to all cases that are not yet final on appeal, such that he is entitled to automatic resentencing. The government responds that those amendments apply

3

prospectively only, and that Moreno must request resentencing pursuant to section 1170.126.

### 2. *Standard of Review and Principles of Statutory Construction*

The question whether the Reform Act's amendments to sections 667 and 1170.12 are properly applied prospectively is a question of law that we review de novo. (*People v. Failla* (2006) 140 Cal.App.4th 1514, 1520.)

In interpreting a voter initiative, such as Proposition 36, we apply the principles that govern statutory construction. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901.) The rules of statutory construction are well settled. "Our first task is to examine the language of the statute enacted as an initiative, giving the words their usual, ordinary meaning. [Citations.] If the language is clear and unambiguous, we follow the plain meaning of the measure. [Citations.] '[T]he "plain meaning" rule does not prohibit a court from determining whether the literal meaning of a measure comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute.' " (*People v. Canty* (2004) 32 Cal.4th 1266, 1276.) "The language is construed in the context of the statute as a whole and the overall statutory scheme, and we give 'significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose. [Citation.]' [Citations.] The intent of the law prevails over the letter of the law, and ' "the letter will, if possible, be so read as to conform to the spirit of the act." ' " (*Id.* at pp. 1276-1277.)

### 3. *Applicability of the* Estrada *Rule*

Moreno argues he is entitled to automatic resentencing under the Reform Act because--as the government concedes--his current offense is not a violent or serious felony, and because his judgment of conviction was not yet final when the Reform Act went into effect on November 7, 2012. (*In re Pine* (1977) 66 Cal.App.3d 593, 594 [judgment of conviction is not final so long as remedy may be provided on direct appeal].) For his argument that the Reform Act should be applied retrospectively,

4

Moreno relies on the rule announced in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*): "[w]hen the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date." (*People v. Brown* (2012) 54 Cal.4th 314, 323, fn. omitted (*Brown*).)

We conclude that the *Estrada* rule does not compel retroactive application of the Reform Act's amendments for three reasons. *First*, *Estrada* is "specifically directed to a statute that represents ' "a legislative mitigation of the *penalty for a particular crime*." ' " (*Brown*, *supra*, 54 Cal.4th at p. 325 [holding *Estrada* does not extend to a law rewarding a prisoner's good conduct while incarcerated].) The Reform Act does not mitigate the penalty for a specific crime, but rather adjusts the sentencing scheme applicable to multiple crimes.

*Second*, the *Estrada* rule applies only where "there is no saving clause." (*Estrada*, *supra*, 63 Cal.2d at p. 748.) Section 1170.126 is equivalent to a saving clause because it essentially applies the amendments prospectively by providing a mechanism for resentencing inmates who were sentenced prior to the effective date of the Reform Act. Thus, it renders *Estrada* inapplicable. (See *People v. Nasalga* (1996) 12 Cal.4th 784, 793 [holding *Estrada* rule inapplicable to statutes with an express saving clause or its equivalent].)

*Third*, applying the Reform Act prospectively comports with voter intent in passing Proposition 36. (See *Robert L. v. Superior Court*, *supra*, 30 Cal.4th at p. 901 [where language is ambiguous we must reference " ' "other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." ' "].) One of the primary arguments advanced in favor of Proposition 36 was that it would not endanger public safety. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) Rebuttal to Argument Against Proposition 36 ["Prop. 36 prevents dangerous criminals from being

5

released early."].)[2]  Prospective application of the Reform Act safeguards public safety by ensuring that only those prisoners who do not pose "an unreasonable risk of danger to public safety" receive reduced sentences.  (§ 1170.126, subd. (f).)  But allowing defendants to circumvent the section 1170.126 recall provision--and the associated judicial review of safety risks--could endanger the public.  It is true that amended sections 667 and 1170.12 do not provide the trial court with any discretion to impose a third strike sentence based on a finding of current dangerousness.  However, "[d]uring the pretrial, trial and sentencing phases of the criminal justice system, various discretionary decisions are available to the prosecutor and the trial court that can result in a shorter or longer term of imprisonment (e.g., selection of the appropriate base term, concurrent/consecutive sentencing, dismissal of a strike in the interests of justice)." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 176.)  That discretion can be exercised to keep dangerous criminals off the streets.  But "[o]nce the defendant is sentenced, prosecutorial and judicial discretion are effectively exhausted."  (*Ibid*.)

For the foregoing reasons, we conclude that the *Estrada* rule is not applicable to the Reform Act and that Moreno is not entitled to automatic resentencing.[3]

## III.  DISPOSITION

The judgment is modified to reduce the restitution and parole revocation fines from $240 each to $200 each.  The clerk of the superior court is directed to amend the abstract of judgment in accordance with this disposition and transmit the amended

[2] We take judicial notice of the pertinent portions of the Voter Information Guide discussing Proposition 36 (<http://voterguide.sos.ca.gov/propositions/36/> [as of Dec. 16, 2013]).  (Evid. Code, §§ 452, subd. (c), 459.)

[3] Our colleagues at the Fifth and Third Appellate Districts reached the same conclusion in *People v. Yearwood*, *supra*, 213 Cal.App.4th 161 and *People v. Conley* (2013) 215 Cal.App.4th 1482, respectively.  Our colleagues at the Fourth Appellate District reached the contrary conclusion in *People v. Lewis* (2013) 216 Cal.App.4th 468. The California Supreme Court has granted review in *People v. Conley*, 160 Cal.Rptr.3d 408 (rev. granted Aug. 12, 2013, S211275) and *People v. Lewis*, 160 Cal.Rptr.3d 409 (rev. granted Aug. 12, 2013, S211494).

abstract to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.


                                                    _____
                                                              Premo, J.




          WE CONCUR:




_____
          Rushing, P.J.




_____
          Márquez, J.


7