Filed 3/24/21  P. v. Munoz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C090327 |
| Plaintiff and Respondent, | (Super. Ct. No. CM023740) |
| v. | |
| EDGARDO MUNOZ, | |
| Defendant and Appellant. | |

Defendant Edgardo Munoz pleaded no contest in 2006 to attempted murder and admitted a firearm enhancement.  He was sentenced to an aggregate term of 19 years in state prison.  In 2019, long after his judgment was final, defendant petitioned to recall the sentence for the firearm enhancement pursuant to Penal Code section 1170, subdivision (d)(1).[1]  The trial court denied his motion.  On appeal, defendant claims:  (1) the trial

---

[1]  Undesignated statutory references are to the Penal Code.

1

court erred in failing to consider his post-sentencing conduct in denying defendant's petition; (2) his counsel was ineffective in failing to object to the prosecutor's comments at the hearing on his petition; (3) his counsel was ineffective in failing to request a supplemental probation report; and (4) the cumulative effect of these errors requires reversal and remand. The People contend that we must dismiss defendant's appeal because the trial court lacked jurisdiction to consider his petition under section 1170, subdivision (d)(1). We will dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying defendant's convictions are described in *People v. Munoz* (2007) 155 Cal.App.4th 160, 163-164, and we need not recount them here. In 2006, defendant pleaded guilty to attempted murder without premeditation, with a firearm enhancement (§§ 664/187, subd. (a) & 12022.5.) In exchange, the prosecution dismissed other counts and enhancements and two additional cases. (*Munoz*, at p. 165.) On August 22, 2006, the trial court sentenced defendant to a total term of 19 years in state prison, comprised of upper terms of nine years for attempted murder and 10 years for the firearm enhancement. (*Ibid.*) Following defendant's unsuccessful appeal, this court issued the remittitur on December 19, 2007. (*Id.* at pp. 162-163, 169.)

On July 15, 2019, defendant personally drafted, filed, and served a petition requesting the trial court to modify his sentence by striking his firearm enhancement pursuant to section 1170, subdivision (d)(1), claiming that the trial court had discretion to strike the firearm enhancement under section 12022.5, subdivision (a)(1) pursuant to the newly-enacted Senate Bill No. 620 (2017-2018 Reg. Sess.; Stats. 2017, ch. 682, §§ 1-2). Defendant argued that the court should exercise discretion to resentence him based on his good disciplinary record, rehabilitative education, and service as a camp firefighter. The prosecution objected because more than 120 days had elapsed since sentencing, among other grounds. During a hearing on the petition, defendant's appearance was waived, and defense counsel appeared on behalf of defendant, noting that defendant authored the

2

petition himself. The court did not resolve the prosecution's objection. The prosecutor observed that she was unaware of any authority for the proposition that the court could consider "post-sentence" conduct in determining whether to exercise its discretion to resentence defendant. The trial court denied the petition, reasoning that aggravating factors supported the sentence.

Defendant filed a notice of appeal.

## DISCUSSION

Defendant contends that the trial court erred in denying his petition for resentencing because the court misunderstood its discretion with respect to consideration of his post-sentencing conduct. He raises related arguments of ineffective assistance of counsel and cumulative error. The People respond that the trial court lacked jurisdiction to consider defendant's petition for resentencing pursuant to section 1170, subdivision (d)(1), and the denial of his motion is therefore nonappealable. We conclude that the People have the better argument.

On October 11, 2017, the Governor signed Senate Bill No. 620 that amended sections 12022.5 and 12022.53, effective January 1, 2018 (Stats. 2017, ch. 682, §§ 1-2), to permit a trial court to strike certain firearm enhancements, which were formerly mandatory: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." (§ 12022.53, subd. (h).) Senate Bill No. 620 applies retroactively to judgments that are not yet final as of its effective date. (See, e.g., *People v. Zamora* (2019) 35 Cal.App.5th 200, 207-208; *People v. Chavez* (2018) 22 Cal.App.5th 663, 711-712.)

"In a criminal case, judgment is rendered when the trial court orally pronounces sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) "The finality of a judgment has been defined as that point at which the courts can no longer provide a

3

remedy on direct review. This includes the time within which to petition the United States Supreme Court for writ of certiorari." (*In re Pine* (1977) 66 Cal.App.3d 593, 595.) Here, the trial court sentenced defendant on August 22, 2006, and this court issued the remittitur following his unsuccessful appeal on December 19, 2007. (*People v. Munoz, supra*, 155 Cal.App.4th at pp. 162-163, 165, 169.) On July 15, 2019, defendant petitioned to recall his sentence. Although Senate Bill No. 620 is retroactive to cases not yet final on appeal, defendant is not entitled to relief because his case became final in 2007, which was long before the January 1, 2018 effective date of Senate Bill No. 620. (C.f. *People v. Zamora, supra*, 35 Cal.App.5th at pp. 207-208; *People v. Chavez, supra*, 22 Cal.App.5th at pp. 711-712.)

" 'Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced.' [Citation.] Section 1170, subdivision (d), is an exception to that common law rule. [Citation.] Section 1170, subdivision (d), states, in pertinent part, that when a defendant has been sentenced to the state prison and has been committed to the custody of the Secretary of the Department of Corrections, 'the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence . . . .' (§ 1170, subd. (d)(1).)" (*People v. Federico* (2020) 50 Cal.App.5th 318, 326, review granted Aug. 26, 2020, S263082.)

Because defendant's judgment was final when Senate Bill No. 620 went into effect, he was not entitled to the retroactive benefit of the change in law at any time. "[E]ven if a trial court has authority to recall a sentence under section 1170, subdivision (d), it does not follow that the sentence is not a final judgment under [*In re*] *Estrada* [(1965) 63 Cal.2d 740]." (*People v. Federico, supra*, 50 Cal.App.5th at p. 326, review

4

granted.)  Section 1170, subdivision (d) provides that when a trial court exercises its discretion to recall and resentence a defendant, the defendant must be resentenced "in the same manner as if they had not previously been sentenced."  (§ 1170, subd. (d)(1).)  "It allows the trial court to reconsider its original sentence and impose any new sentence that would be permissible under the Determinate Sentencing Act if the resentence were the original sentence so long as the new aggregate sentence does not exceed the original sentence."  (*People v. Johnson* (2004) 32 Cal.4th 260, 265, italics omitted.)  "Contrary to defendant's claim, section 1170, subdivision (d), says nothing about 'reopening' a judgment that has been final . . . , in order to apply recently enacted laws retroactively. . . . [Citation.]  It simply allows the court to reconsider its sentencing choices in the original sentence and resentence the defendant.  [Citation.]"  (*Federico*, at p. 327.)  Accordingly, the trial court lacked jurisdiction to grant defendant any relief under Senate Bill No. 620.

Further, because defendant filed the petition for resentencing well over 120 days—indeed, many years—after his judgment became final, the trial court lost jurisdiction to recall and resentence him.  Section 1170, subdivision (d)(1), does not "authorize[] a prisoner personally to initiate a sentence recall proceeding in the trial court."  (*People v. Loper* (2015) 60 Cal.4th 1155, 1165; *Dix v. Superior Court* (1991) 53 Cal.3d 442, 456 [after 120 days, "power may be exercised only . . . upon recommendation of the Director of Corrections . . . or the Board of Prison Terms"].)  There is no authority to support defendant's assertion that the trial court can obtain jurisdiction by mistakenly hearing the petition in contravention of section 1170, subdivision (d).  Nor is there any authority to support defendant's assertion that the court had the power to resentence him because "the [California Correctional Center] litigation coordinator filed the resentencing petition."  First, this is factually inaccurate.  The record demonstrates that defendant personally petitioned the court, personally drafted the petition, personally signed the petition, and personally executed the proof of service for the petition.  The litigation coordinator's

5

address merely appears on the caption. Second, there is no authority to support the proposition that a petition filed by the litigation coordinator constitutes a "recommendation of the secretary or the Board of Parole Hearings" within the meaning of section 1170, subdivision (d). Defendant's arguments are meritless.

We must dismiss defendant's appeal. Any order by the trial court regarding defendant's motion did not affect his substantial rights and is thus not appealable. (See *People v. Alexander* (2020) 45 Cal.App.5th 341, 344 [dismissing appeal challenging denial of Senate Bill No. 1393 motion, reasoning, "[a]n order denying a motion the court lacks jurisdiction to grant does not affect a defendant's substantial rights"]; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326-327 [dismissing appeal challenging denial of Senate Bill No. 620 motion where trial court had lacked jurisdiction].)

## DISPOSITION

The appeal is dismissed.

_____/s/_____
RAYE, P. J.

We concur:

_____/s/_____
MAURO, J.

_____/s/_____
DUARTE, J.

6