Filed 5/26/22  P. v. Jones CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LARRY WAYNE JONES,<br><br>    Defendant and Appellant. | F080171<br><br>(Super. Ct. No. BF174454A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Larry Wayne Jones pleaded guilty to crimes arising from possession of a firearm and ammunition by a felon. On appeal, he requests the court review certain sealed materials to determine whether the trial court properly denied his motions to suppress evidence, to quash and traverse the warrant, and to unseal the warrant affidavit. Appellant further contends that *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*) is unconstitutional,[1] that the nighttime warrant execution was unreasonable, and that his prior prison term enhancement should be stricken. We requested supplemental briefing on the effect, if any, of Senate Bill No. 567 on appellant's sentence. We remand the case to the trial court to strike the prior prison term enhancements and to resentence appellant in light of Senate Bill No. 567. In all other respects, we affirm the judgment.

## PROCEDURAL SUMMARY

On January 11, 2019, the Kern County District Attorney charged appellant with willful and unlawful ownership or possession of a firearm (Pen. Code, § 29800, subd. (a)(1);[2] count 1) and willful and unlawful ownership or possession of ammunition (§ 30305, subd. (a)(1); count 2). The information further alleged that appellant had a prior conviction for robbery, a serious or violent felony (§§ 212.5, subd. (c), 667, subds. (c)–(j), 1170.12, subds. (a)–(e)), and appellant was ineligible to serve his sentence in a county jail because of this prior serious or violent felony conviction. (§ 1170, subds. (h)(3), (f).) Also, the information alleged appellant had served a prior prison term. (§ 667.5, subd. (b).)

Appellant made a motion to unseal all or part of the warrant affidavit, arguing that all portions of the affidavit that did not reveal confidential information of an at-risk

---

[1]    *Hobbs* sets forth procedures a trial court must follow when, after a search warrant and affidavit have been sealed because they are based on information from a confidential informant, a defendant brings a motion to quash and traverse the warrant, to disclose the information in the sealed affidavit, or to identify the confidential informant.

[2]    All statutory references are to the Penal Code unless otherwise noted.

2.

informant or an ongoing investigation must be publicly disclosed. Appellant also moved pursuant to section 1538.5 to suppress evidence obtained in the motel room, including the officer's observations, appellant's statements, and contraband. In addition, appellant moved to quash and traverse the warrant. Finally, appellant argued that there was no good cause showing for the nighttime execution of the warrant.

The prosecution opposed the motion to suppress evidence, asking the trial court to review the warrant affidavit in accordance with *Hobbs*. The prosecution opposed appellant's motion to unseal court records, arguing that although the court may unseal records to determine whether the warrant should be quashed, the court should then reseal the records to protect confidential information. Following an in camera hearing, the court unsealed a portion of the affidavit not dealing with nighttime service, declined to unseal the portion of the affidavit dealing with nighttime service, denied appellant's motion to suppress, and denied appellant's motion to quash and traverse the warrant.

After receiving the portion of the affidavit not dealing with nighttime service, appellant filed a supplemental motion pursuant to section 1538.5 to suppress evidence, arguing the police did not provide sufficient reasons to authorize a nighttime search. The prosecution opposed appellant's motion, arguing appellant was not permitted to bring such a motion twice and that good cause existed for nighttime service of the warrant. The court summarily denied the motion.

Thereafter, appellant pleaded guilty to counts 1 and 2, and admitted the prior serious or violent felony enhancement and the prior prison term enhancements. He also admitted violating his probation in a separate case number. The court sentenced appellant to the upper term of three years in prison on count 1 and a concurrent upper term of three years on count 2. As to both counts, the trial court stayed the prior prison term enhancement and struck the prior serious felony enhancement. Appellant was assessed various fines and fees.

Appellant filed a timely notice of appeal.

3.

# FACTS[3]

A search warrant for a motel room in Bakersfield, requested by Officer Renee Garcia of the Bakersfield Police Department, was issued by a magistrate on November 9, 2018. Garcia requested that a portion of the search warrant be sealed in order to protect the identity of the confidential informant pursuant to *Hobbs*. Garcia stated, "If any of the information within the requested sealed portion of the Affidavit/Statement of Probable Cause is made public, it will reveal or tend to reveal the identity of any confidential informant(s), impair further related investigations and endanger the life of the confidential informant(s)." Garcia also requested that the warrant be executed in the late evening for the safety of the officers and all parties involved. The magistrate granted the requests to seal the statement of probable cause and execute the warrant at night.

Sarla Patel, the owner of the motel, advised Garcia that appellant had been living in the motel for about a month and provided Garcia with a copy of appellant's identification card. On November 10, 2018, at 11:08 p.m., Garcia and detective Randy Petris executed the search warrant at the motel and found appellant and Cora Stevenson, appellant's girlfriend, in the motel room. The officers searched the room and found a Glock 17 semiautomatic pistol and 35 nine-millimeter rounds of ammunition in a backpack. Garcia interviewed appellant while he was in the back of the police car. Garcia gave appellant his *Miranda*[4] rights, which appellant waived. Appellant told Garcia that everything found in the motel room belonged to him. Appellant did not specifically state that the contents of the backpack belonged to him. Garcia asked appellant whether he knew why he was in the police car and appellant stated, "apparently

---

**3** These facts are derived from the search warrant and affidavit, preliminary hearing transcript, the police report, and the probable cause statement.

**4** *Miranda v. Arizona* (1966) 384 U.S. 436.

4.

you guys found a Glock 17 ammunition and several other items." Appellant was on postrelease community supervision at the time of his arrest.

**Facts From the Suppression Motion Hearings**

On May 1, 2019, the court held a pretrial hearing on appellant's motions to unseal the warrant affidavit, quash and traverse the warrant, and suppress evidence. In accordance with the *Hobbs* procedure, the court held an in camera hearing with only the prosecution and the prosecution's witness, Garcia, present. During this confidential hearing, the court questioned Garcia, the officer who wrote the warrant affidavit.[5]

The court then held the nonconfidential portion of the hearing with both the defense and prosecution present. The court stated: "I did review the *Hobbs* portion of the search warrant.… [Officer Garcia] confirmed that the [confidential informant] did not give any information that would exonerate or help out [appellant]. It's a pretty standard, quite honestly, affidavit that indicates the search warrant should have been signed." Defense counsel asked the court whether there were any "areas regarding omission, misstatements, impermissible inferences, stale information, character of criminal activity, anything that would indicate an anticipatory warrant."

Defense counsel also questioned why the warrant was executed at 11:08 p.m., in violation of the Penal Code. The court stated that it "confirmed with the officer [regarding the night service]. There is a paragraph in the *Hobbs* [portion] about night service. It's a pretty standard paragraph that, quite honestly, should have been in the public portion of the affidavit." The court then provided the "back page" of the affidavit which detailed the reasons for nighttime service to defense counsel and stated that the "first page would definitely not be released." The court later stated that the back page was not confidential but the front page was confidential.

---

[5]     The warrant affidavit names "OFFICER R. Petris" as the author of the probable cause statement. However, the trial court confirmed for the record that Garcia was the author.

Defense counsel then questioned the court why the warrant affidavit only named Tommy Brown as the subject and not appellant by name. The court stated that there were two people to be searched—Tommy Brown and appellant. The court stated that the police officer identified appellant as using the moniker "Law," because appellant had a tattoo that read "Law."

The trial court denied appellant's motions to unseal the warrant affidavit, quash and traverse the warrant, and suppress evidence.

## DISCUSSION

### I.    The Trial Court Correctly Adhered to the *Hobbs* Procedure.

Citing *Hobbs*, appellant asks us to review the sealed transcript of the in camera hearing, as well as the confidential affidavit portion of the search warrant, to independently determine whether the trial court erred in denying his requests to disclose the identity of the confidential informant, to quash and traverse the warrant, and to unseal the warrant's affidavit. Appellant specifically argues that the trial court "should have first determined whether sufficient grounds exist for keeping the informant's identity a secret; whether the entirety of the affidavit or any major portion is properly sealed; and whether any portion can be further redacted and disclosed without divulging the informant's identity." The People agree that review of the sealed materials is appropriate.

### A.    Standard of Review.

On a properly noticed motion by the defendant seeking to unseal a warrant affidavit or quash or traverse a search warrant, the trial court shall conduct an in camera hearing pursuant to Evidence Code section 915, subdivision (b) and the guidelines set forth by the Supreme Court in *Hobbs*. (*Hobbs*, *supra*, 7 Cal.4th at pp. 972–975.) *Hobbs* contemplates appellate review of the trial court's in camera rulings. (*Id*. at p. 975 ["In all instances, a sealed transcript of the in camera proceedings, and any other sealed or excised materials, should be retained in the record along with the public portions of the

6.

search warrant application for possible appellate review"].) We independently review the trial court's *Hobbs* hearing decision under the abuse of discretion standard. (*Id.* at p. 976; *People v. Martinez* (2005) 132 Cal.App.4th 233, 241–242.)

### B. *Proper procedure pursuant to Hobbs.*

"[W]here a search is made pursuant to a warrant valid on its face, the public entity bringing a criminal proceeding is not required to reveal to the defendant official information or the identity of an informer in order to establish the legality of the search or the admissibility of any evidence obtained as a result of it." (Evid. Code, § 1042, subd. (b).) In *Hobbs*, the Supreme Court concluded that this rule "compel[led] a conclusion that all or any part of a search warrant affidavit may be sealed if necessary to implement the privilege and protect the identity of a confidential informant." (*Hobbs*, *supra*, 7 Cal.4th at p. 971.) Consequently, courts are not required to disclose "the identity of an informant who has supplied probable cause for the issuance of a search warrant … where such disclosure is sought merely to aid in attacking probable cause." (*Id.* at p. 959, italics omitted.)

*Hobbs* sets forth procedures a trial court must follow when, after a search warrant and affidavit have been sealed because they are based on information from a confidential informant, a defendant brings a motion to quash and traverse the warrant, to disclose the information in the sealed affidavit, and to identify the confidential informant.

Under *Hobbs*, the trial court must first determine "whether sufficient grounds exist for maintaining the confidentiality of the informant's identity. It should then be determined whether the entirety of the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity." (*Hobbs*, *supra*, 7 Cal.4th at p. 972.)

Next, "[i]f the affidavit is found to have been properly sealed, and the defendant has moved to traverse the warrant, the court should then proceed to determine whether the defendant's general allegations of material misrepresentations or omissions are

7.

supported by the public and sealed portions of the search warrant affidavit …. Generally, in order to prevail on such a challenge, the defendant must demonstrate that (1) the affidavit included a false statement made 'knowingly and intentionally, or with reckless disregard for the truth,' and (2) 'the allegedly false statement is necessary to the finding of probable cause.' " (*Hobbs*, *supra*, 7 Cal.4th at p. 974.) "If the trial court determines that the materials and testimony before it do not support defendant's charges of material misrepresentation, the court should simply report this conclusion to the defendant and enter an order denying the motion to traverse." (*Ibid*.)

Finally, "if the affidavit is found to have been properly sealed and the defendant has moved to quash the search warrant [citation], the court should proceed to determine whether, under the 'totality of the circumstances' presented in the search warrant affidavit …, there was 'a fair probability' that contraband or evidence of a crime would be found in the place searched pursuant to the warrant. [Citations.] In reviewing the magistrate's determination to issue the warrant, it is settled that 'the warrant can be upset only if the affidavit fails as a matter of law … to set forth sufficient competent evidence supportive of the magistrate's finding of probable cause, since it is the function of the trier of fact, not the reviewing court, to appraise and weigh evidence when presented by affidavit as well as when presented by oral testimony. [Citations.]' " (*Hobbs*, *supra*, 7 Cal.4th at p. 975.) "If the court determines, based on its review of all the relevant materials, that the affidavit … furnished probable cause for issuance of the warrant …, the court should simply report this conclusion to the defendant and enter an order denying the motion to quash." (*Ibid*.)

C. *Analysis.*

We have reviewed the confidential transcript of the in camera hearing and the sealed warrant affidavit. Without disclosing the information contained therein, we find that the prosecution presented sufficient grounds for maintaining the confidentiality of the informant's identity and that the extent of the sealing was appropriate to protect the

8.

informant's identity. Therefore, the trial court's denial of appellant's motion to unseal the affidavit was not an abuse of discretion. Next, we find no evidence of material misrepresentations or omissions in the warrant affidavit. Therefore, the trial court's denial of appellant's motion to traverse the warrant was not an abuse of discretion. Finally, under the totality of the circumstances presented in the warrant affidavit, there was a fair probability that contraband would be found in the place to be searched pursuant to the warrant, establishing probable cause. Therefore, the trial court's denial of appellant's motion to quash the warrant was also not an abuse of discretion. Accordingly, the trial court did not abuse its discretion in denying all of appellant's motions.

## II. Constitutionality of *Hobbs*.

Appellant contends that the *Hobbs* procedure violated his Fourth, Fifth, Sixth, and Fourteenth amendment rights. Appellant specifically argues that the *Hobbs* procedure violated his right to due process and effective assistance of counsel. The People recount the reasoning from *Hobbs* and correctly argue that this court cannot overrule such precedential Supreme Court law.

Because this court is bound by Supreme Court precedent, we lack the authority to overrule *Hobbs*. (*Auto Equity Sales*, *Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455–456.) The Supreme Court and our sister Courts of Appeal have consistently followed *Hobbs*. (See, e.g., *People v. Galland* (2008) 45 Cal.4th 354, 364–365; *People v. Washington* (2021) 61 Cal.App.5th 776, 794–795; *People v. Acevedo* (2012) 209 Cal.App.4th 1040, 1052.) Accordingly, we reject appellant's contention.

## III. Structural Defect.

Appellant contends that the trial court's adherence to the *Hobbs* procedure constitutes structural defect which defies analysis under the harmless error standard. As stated *supra*, we are bound to follow the Supreme Court's precedent in *Hobbs*, which provides the proper procedure for a trial court's in camera review of a search warrant

affidavit. Therefore, we cannot find that the trial court's adherence to the *Hobbs* procedure was structural error. Appellant's contention is without merit.

**IV.    Nighttime Execution of the Search Warrant.**

Appellant argues that the 11:08 p.m. search of his motel room was unreasonable because the search warrant was not based on specific, articulable facts that necessitated a nighttime search. The People contend that the search was reasonable under the Fourth Amendment because the facts contained in the search warrant affidavit supplied good cause for the nighttime service. The People further argue that even if the nighttime service was unreasonable, the evidence found by the officers should not be excluded because the officers acted in good faith when executing the warrant.

*A.    Background.*

In the unsealed portion of the probable cause statement in support of the search warrant, the officer requested nighttime execution of the search warrant. The officer stated that through his experience he was aware that individuals involved in narcotics sales often have other individuals conducting surveillance who alert the subject when law enforcement is approaching. The use of a nighttime warrant would serve to protect the officers and any parties involved due to the darkness of night and the element of surprise. The officer also stated that through his experience he knew that individuals involved in narcotics sales often have firearms which threaten officer safety unless the search warrant is executed in the darkness and during the late hours of the evening. Finally, the officer stated that he believed an illegal firearm and cocaine would be found during the search, in accordance with the information supplied by the confidential informant. The court summarily denied appellant's motion to suppress.

*B.    Standard of Review.*

"Absent an abuse of discretion the magistrate's finding of reasonable necessity for nighttime service will not be disturbed on appeal." (*People v. Cletcher* (1982) 132 Cal.App.3d 878, 882; *People v. Lopez* (1985) 173 Cal.App.3d 125, 138.) "[T]here is no

abuse of discretion requiring reversal if there exists a reasonable or fairly debatable justification under the law for the trial court's decision or, alternatively stated, if that decision falls within the permissible range of options set by the applicable legal criteria." (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957.)  A court's discretion "is reviewable for abuse [citation] and will not be disturbed except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9–10.)

### C.    Analysis.

The Fourth Amendment provides:  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated …."  (U.S. Const., 4th Amend.)  " 'It is axiomatic that the "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." ' "  (*People v. Celis* (2004) 33 Cal.4th 667, 676, quoting *Welsh v. Wisconsin* (1984) 466 U.S. 740, 748.)  " '[Time] of execution [of a search warrant] is a significant factor in determining whether or not in a constitutional sense a search is "unreasonable." ' [Citation.]"  (*Rodriguez v. Superior Court* (1988) 199 Cal.App.3d 1453, 1468–1469.)

#### 1. Good Cause.

Under section 1533, "[u]pon a showing of good cause, the magistrate may, in his or her discretion, insert a direction in a search warrant that it may be served at any time of the day or night.  In the absence of such a direction, the warrant shall be served only between the hours of 7 a.m. and 10 p.m.  [¶]  When establishing 'good cause' under this section, the magistrate shall consider the safety of the peace officers serving the warrant and the safety of the public as a valid basis for nighttime endorsements."  (§ 1533.)

Section 1533 "does not require a separate statement of good cause for nighttime service.  [Citations.]  'If an affidavit, read in a common sense manner and as a whole,

11.

reasonably supports the inference that the interests of justice are best served by the authorization of nighttime service, provision for such service in a warrant is proper.' " (*People v. Cletcher*, *supra*, 132 Cal.App.3d at p. 882.)  Additionally, good cause " 'requires only *some factual basis for a prudent conclusion that the greater intrusiveness of a nighttime search is justified by the exigencies of the situation*.' "  (*People v. Kimble* (1988) 44 Cal.3d 480, 494; *Rodriguez v. Superior Court*, *supra*, 199 Cal.App.3d at p. 1468 ["Certainly drug dealers frequently possess weapons ….  Even in a justifiable concern for officer or public safety, those seeking authorization for nighttime service of a search warrant should be required to offer the magistrate some *fact* upon which the magistrate can conclude that the particular search under consideration requires nighttime service"].)

In this case, we find there was "some factual basis," as required by *Kimble*, provided by the officer to conclude that a nighttime search was justified by the situation. (*People v. Kimble*, *supra*, 44 Cal.3d at p. 494.)  Specifically, the officer stated that through his experience he was aware that individuals conducting narcotics sales often have other individuals conducting surveillance who will alert the subject when police are approaching.  Ostensibly, these surveillance efforts would be thwarted under the cover of darkness.  The officer also stated that individuals conducting narcotics sales often have firearms, and the element of surprise would serve to protect the officers and others at the scene.  Finally, the officer stated that the informant told police that appellant possessed a firearm.  We find that the magistrate's "decision [fell] within the permissible range of options set by the applicable legal criteria." (*Cahill v. San Diego Gas & Electric Co*., *supra*, 194 Cal.App.4th at p. 957.)  Accordingly, it was not an abuse of discretion for the magistrate to authorize nighttime service.

Appellant also argues that the search at 11:08 p.m. was unreasonable because there was ample time to conduct the search in the darkness of night from 7:00 p.m. to 10:00 p.m., considering the warrant was executed in November.  Although there would have

been multiple hours of darkness in the early evening at that time of year, the officer specifically requested late evening nighttime service. The officer stated that late evening service would allow the officers to use the element of surprise, which would serve to protect the officers, especially considering the informant had told the police that appellant had a firearm inside the motel room. Appellant's contention is without merit.

### 2. Good Faith Exception.

The People argue that even if the warrant's authorization of a nighttime search was invalid, the suppression of evidence is not required under the good faith exception. Appellant argues that this court cannot address the good faith exception because the issue was not adequately raised below. However, the prosecution raised this argument in its opposition to appellant's motion to suppress evidence and at the hearing on the motion. Moreover, appellant argued against the good faith exception at the hearing on the motion to suppress.

The good faith exception to the exclusionary rule derives from *United States v. Leon* (1984) 468 U.S. 897. In *Leon*, the United States Supreme Court held that "the Fourth Amendment exclusionary rule should be modified so as not to bar the use in the prosecution's case in chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." (*Id.* at p. 900.) *Leon* has been extended to cases where the validity of a nighttime warrant execution is in question. (See *People v. Lopez*, *supra*, 173 Cal.App.3d at p. 138.) " '[Searches] pursuant to a warrant will rarely require any deep inquiry into reasonableness,' [citation], for 'a warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.' " (*Leon*, *supra*, 468 U.S. at p. 922.) Under the holding in *Leon*, an officer manifests good faith if his reliance on the warrant is "objectively reasonable." (*Id.* at p. 926.) An inquiry into the good faith exception centers on "whether a reasonably

13.

well trained officer would have known that the search was illegal despite the magistrate's authorization." (*Id*. at p. 922, fn. 23.)

Here, from the face of the warrant, a reasonably well-trained officer could have believed that the description of the activities of appellant and the suspected presence of firearms and cocaine would be legally sufficient to establish that a nighttime warrant execution was reasonable. Appellant has not presented any evidence that would tend to show that the officers' reliance on the magistrate's authorization of the nighttime search was objectively unreasonable. Further, there is no evidence to suggest that the magistrate was not detached and neutral. Even if the nighttime search was unreasonable, the good faith exception applies here.

## V.     Prior Prison Term Enhancements.

Appellant argues that Senate Bill No. 136, which amended section 667.5, subdivision (b) to eliminate the one-year prior prison term enhancement for certain defendants, applies to him retroactively. (2019–2020 Reg. Sess.; Senate Bill 136.)[6] Accordingly, appellant contends that this court should strike his prior prison term enhancements. The People agree with appellant.

### A.     *Background.*

On September 17, 2019, in addition to pleading guilty to the two crimes charged, appellant admitted the allegation that he served a prior prison term within the meaning of section 667.5, subdivision (b). The court stayed the one-year sentence enhancements for the prior prison term.

---

[6]     In the alternative, appellant argues that because the court stayed his prior prison term enhancements, rather than impose or strike it, the sentence is unauthorized. Because we find the amendment to section 667.5, subdivision (b) applies retroactively to appellant's sentence, this court will not address appellant's alternative argument.

14.

### B. Analysis.

At the time of appellant's sentencing, section 667.5, subdivision (b) provided that where a defendant's new offense is a felony for which a prison sentence was imposed, an additional one-year term for each prior separate prison term would be imposed, provided that the defendant did not remain free of both the commission of an offense which resulted in a felony conviction and prison or jail custody for a period of five years after the prior prison term. (Former § 667.5, subd. (b).)

On October 8, 2019, the Governor signed Senate Bill 136 into law, which provided that a prior prison term one-year enhancement under section 667.5, subdivision (b) can only be imposed when the prior prison term was served for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1.) Senate Bill 136 became effective on January 1, 2020. Appellant's prior prison term was not for a sexually violent offense.

"When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*In re Estrada* (1965) 63 Cal.2d 740, 745.) The *Estrada* rule "applies to statutory amendments reducing the penalty for, or allowing a court to strike, an enhancement." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681–682.)

We are to assume, absent evidence to the contrary, that the Legislature intended an "amended statute to apply to all defendants whose judgments are not yet final on the

15.

statute's operative date."  (*People v. Brown* (2012) 54 Cal.4th 314, 323.)  "For the purpose of determining the retroactive application of an amendment to a criminal statute, the finality of a judgment is extended until the time has passed for petitioning for a writ of certiorari in the United States Supreme Court."  (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342; *In re Pine* (1977) 66 Cal.App.3d 593, 594 [explaining that for purposes of the *Estrada* rule, a judgment is not final so long as courts may provide a remedy on direct review].)  Accordingly, Senate Bill 136 applies retroactively to nonfinal judgments.  (*Lopez*, *supra*, 42 Cal.App.5th at p. 342; *People v. Jennings*, *supra*, 42 Cal.App.5th at p. 682 [same].)

Because appellant's judgment is not yet final, we find that Senate Bill 136 applies retroactively to his sentence under *Estrada*.  Because appellant's prior prison term was not for a sexually violent offense, the section 667.5, subdivision (b) one-year enhancements that the trial court imposed but stayed must be stricken.  As discussed below, we must remand this matter for resentencing based on Senate Bill No. 567.  Consequently, we will direct the court to strike these enhancements when appellant is resentenced.

**VI.     Appellant Is Entitled to Resentencing Pursuant to Senate Bill No. 567**

We requested supplemental briefing on the effect, if any, of the recent passage of Senate Bill No. 567 on the judgment.  We agree with appellant that he is entitled to remand and a resentencing hearing pursuant to this new legislation.

*A.     Background.*

The trial court imposed the upper term of three years for both counts 1 and 2, to run concurrently.  There is no record of a trial court finding of aggravated circumstances or appellant's stipulation of the same.

At the time of appellant's sentencing, section 1170 provided that the choice between sentencing a defendant to the lower, middle, or upper term "shall rest within the sound discretion of the court," to determine which term "best serves the interests of

16.

justice." (Former § 1170, subd. (b).) In doing so, the court could rely on "the record in the case, the probation officer's report, other reports, … and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing." (*Ibid.*)

On October 8, 2021, the Governor signed Senate Bill No. 567 into law. (2021–2022 Reg. Sess.; Senate Bill 567.) Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b) to provide that the trial court "shall, in its sound discretion, order imposition of a sentence not to exceed the middle term," except where "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(1), (2).)

### B.    Analysis.

First, we agree with the parties that Senate Bill 567 applies retroactively to appellant. "When the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date." (*People v. Brown*, *supra*, 54 Cal.4th at p. 323, fn. omitted.) Because appellant's case is not final and nothing in Senate Bill 567 suggests legislative intent that it only apply prospectively, the amended version of section 1170, subdivision (b), which became effective on January 1, 2022, applies retroactively to this case. (See, e.g., *People v. Frahs* (2020) 9 Cal.5th 618, 627–630; *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307–308.)

Appellant states that "there were no aggravating circumstances that were stipulated to by [appellant], and none were found true beyond a reasonable doubt by the judge." Indeed, there is nothing in the record to suggest that either appellant stipulated to

17.

aggravated circumstances or that such circumstances were found true beyond a reasonable doubt by the judge. Accordingly, appellant argues that this court should either resentence him to the middle term or remand his case to the trial court for resentencing pursuant to Senate Bill 567.

The People contend that appellant is not eligible for resentencing under Senate Bill 567 because he agreed to a "court-indicated stipulated" term. The People state that the court and appellant entered into a stipulated sentencing agreement and therefore the "court had no authority to choose the sentence to be imposed in this case." The People argue that because the trial court had no discretion at the time of sentencing, it cannot now exercise its discretion by resentencing appellant in accordance with Senate Bill 567.

The record demonstrates multiple times that appellant's sentence was a "court-indicated" sentence and was not the result of negotiation or stipulation between appellant and the court. The court itself called the sentence "court indicated" multiple times. An indicated sentence is a unilateral proposal made by a court with sentencing discretion. (See, e.g., *People v. Superior Court (Felmann)* (1976) 59 Cal.App.3d 270, 276; *People v. Clancey* (2013) 56 Cal.4th 562, 575 ["[A]n indicated sentence is merely an instance of 'sentencing discretion wisely and properly exercised.' "]) Accordingly, the trial court never lost its sentencing discretion when it indicated the sentence and it has discretion now to resentence appellant. Therefore, we will remand this case to the trial court to resentence appellant pursuant to Senate Bill 567. We take no position on how the trial court should exercise its sentencing discretion when it resentences appellant.

## DISPOSITION

Appellant's sentence is vacated and this matter is remanded for resentencing. The trial court shall strike the one-year enhancements under section 667.5, subdivision (b). The court shall exercise its discretion pursuant to section 1170, subdivision (b), as amended by Senate Bill 567. Following resentencing, the trial court shall forward a new abstract of judgment to the appropriate authorities.

18.

In all other respects, appellant's judgment is affirmed.


LEVY, J.

WE CONCUR:


HILL, P. J.


MEEHAN, J.

19.